THOMAS CHAMBERS *v.* GEORGE LEWIS.

Where property has been wrongfully taken or detained, the owner may waive the tort and sue upon an implied promise to pay.

Formerly the tort was waived by bringing an action in assumpsit, but under the present system of pleading, the character of the action, and whether or not the tort is waived, must be determined by the facts stated in the complaint.

If, upon the facts so stated as constituting the cause of action, the plaintiff would be entitled to an order for the arrest of the defendant, the action will be considered as one founded in tort.

*It seems* that the demand for judgment in the complaint, and also the summons, may be referred to for the purpose of determining the character of the action brought.

A counter claim founded on contract cannot be interposed as a defence to an action to recover for property wrongfully taken and converted.

AT SPECIAL TERM, *April* 3, 1860.

Demurrer, by the plaintiff, to a counter claim set up in the defendant's answer. The complaint was in the following form:

The plaintiff shows unto the court that on the 30th day of March, 1859, at the city of New York, the plaintiff possessed and owned certain merchandise, consisting of four barrels of soap stone, of the value of twenty dollars; thirty-four barrels of red stone, of the value of one hundred and twenty dollars; and a large quantity of vulcanized gutta percha belting, of the value of five hundred dollars. That the defendant, on or about the day and year, and at the place last mentioned, obtained the said merchandise, and wrongfully converted the same to his own use. That the plaintiff has demanded the same of the defendant before the commencement of this action, to wit: on the 12th day of April, 1859, at the city of New York, and the defendant then and there refused to deliver the said merchandise to the plaintiff. Wherefore the plaintiff demands judgment against the said defendant for six hundred and forty dollars, with interest from the 12th day of April, 1859, and the costs of this action.

The answer commenced with a denial that the property men-

tioned in the complaint was in the possession of or owned by the plaintiff, as alleged, or that the defendant ever wrongfully converted it to his use. It then averred that the property belonged to the United States Vulcanized Gutta Percha Belting and Packing Company, and stated facts showing that the defendant was not in any way responsible for it. As a further answer, it was alleged that the defendant became possessed of the property under a valid purchase of it. Also, by way of counter claim, it was averred that the plaintiff was a stockholder, member and trustee of the Gutta Percha Company, a corporation created for manufacturing purposes under the laws of this state, and on and for some time prior to February 1st, 1859, was president thereof; that Augustus Cleveland recovered a judgment in the Marine Court, on March 15, 1859, against the company, for rent due February 1st, 1859; that the judgment had been docketed in the office of the county clerk, and an execution issued out of this court thereon had been returned unsatisfied, and the sum of $396.61, with interest, was due, and that the judgment was, on May 2, 1859, duly assigned to the defendant for a valuable consideration; that the certificate of incorporation of the company was filed in the clerk's office of Queen's county, by which the capital stock was fixed at $100,000; and the defendant alleged that the whole thereof had never been paid in; also, that the report required by law had never been filed; also, that with the assent of the plaintiff, as such trustee, the company had become indebted to various persons in an amount exceeding its capital; and therefore as stockholder, and also as trustee, the plaintiff was liable for the debts of the company, and is liable to pay the defendant the amount of the judgment.

The plaintiff demurred to so much of the answer of the defendant as alleged a counter claim against the plaintiff, because: 1st. The same does not state facts sufficient to constitute a cause of action in favor of said defendant against this plaintiff. 2d. The same does not state facts sufficient to constitute a cause of action by way of counter claim, in favor of said defendant against said plaintiff.

*John T. Hoffman*, for the plaintiff.

I. The action being trover, and not on contract, nothing can be counter claimed except it has arisen out of the transaction set forth in the plaintiff's complaint as the foundation of his claim, or unless it is connected with the subject of the action. Code, § 150, sub. 1.

II. Even if the action were on contract, yet the counter claim is not good, because it did not exist in favor of the defendant against the plaintiff at the commencement of the action. Code, § 150, sub. 2. This is the same rule which formerly applied to set-offs, as settled in *Carpenter* v. *Butterfield*, 3 J. C. 145 ; *Jefferson Co. Bank* v. *Chapman*, 19 J. R. 322.

III. Set-offs and counter claims are not allowed at all in actions of tort, (*Patterson* v. *Richards*, 22 Barb. 143), at least unless growing out of the immediate transaction mentioned in the complaint.

*Cambreleng & Pyne*, for the defendant.

I. The answer sets up facts sufficient to constitute a cause of action. 1. An assignee has the right to sue upon a judgment, without leave first obtained. *Tafts* v. *Braisted*, 1 Abb. Pr. R. 84. 2. Stockholders may be sued on a judgment against the company of which they are members, after execution returned unsatisfied. Laws of 1853, p. 283 ; *Peckham* v. *Smith*, 9 How. Pr. R. 436 ; *Glee* v. *Bloomer*, 20 Johns. 669 ; *Moss* v. *McCullough*, 7 Barb. 279. 3. The facts stated show a liability on the part of the plaintiff. Rev. Stat., part 1, ch. 18, title 12, art. 2d, §§ 32, 34, 35, 36 ; *Brown* v. *Harmon*, 21 Barb. 510 ; 1 Chitty on Pleadings, 218, and cases cited. 4. And the defendant is entitled to sue as assignee. Code, § 111 ; *Hoyt* v. *Thompson*, 1 Seld. 347.

II. The answer states facts sufficient to constitute a cause of action, by way of counter claim. 1. It states a cause of action existing in favor of the defendant, and against the plaintiff. 2. The complaint and the counter claim are both on contract. *a*. The complaint demands judgment for the value of the goods, with interest; therefore it is a waiver of the tort and a demand

on the implied contract. *Hinds* v. *Tweddle*, 7 How. Pr. R. 278; *Dows* v. *Green*, 3 How. Pr. R. 377. *b.* Our claim is on a judgment, and therefore on contract; the judgment was also for a contract debt. *c.* It existed at the commencement of the action. 3. Whether on contract or not, it is a good counter claim because connected with the subject of the action. *Zenia Branch Bank* v. *Lee*, 7 Abb. Pr. R. 372; *Lemon* v. *Trull*, 13 How. Pr. R. 248.

III. The facts set up, even if not constituting a valid counter claim, are not demurrable if admissible as a defence. The right of demurring to the answer only exists where it does not constitute either a counter claim or defence. Code, § 163; *Zenia Branch Bank* v. *Lee*, 7 Abb. Pr. R. 372; *Gottler* v. *Babcock*, N. Y. C. P., Spl. Term, 1858. The demurrer is therefore insufficient, for not stating all the grounds necessary.

BRADY, J.—It seems to be settled, upon principle and the weight of authority, that, where goods are wrongfully taken or detained, the plaintiff may waive the tort, and bring an action upon an implied promise to pay for them. *Butts* v. *Collins*, 13 Wend. 154; *Putnam* v. *Wise*, 2 Hill, 140, and cases cited in note; *McKnight* v. *Dunlop*, 4 Barb. S. C. R. 36; *Carey* v. *Green*, 3 How. Pr. R. 376; *Hinds* v. *Tweddle, &c.*, 7 How. Pr. R. 278. But an examination of the cases will show that where the tort was waived, the action was in form not trover, but assumpsit. Under the Code, assuming the right of election to exist, there is a difference in the remedy. If the action be for wrongfully taking or detaining property, the defendant may be arrested; but not if it be to recover a sum of money arising upon contract, unless the defendant was guilty of a fraud in contracting the debt. It may be that the conversion of property would be a fraud, for which the defendant could be arrested, and that the right to arrest would exist although the action were for money due, as upon a sale or purchase of the goods converted; but I do not think the courts would extend the remedy to such a case. The debt referred to must be one expressly contracted, and not one growing out of implied obligations, or created by operation

of law. But how is the election to be determined in cases under the Code? The complaint must state the facts constituting the cause of action, and they are, that the defendant took or detains property of the value of a sum named; and the prayer is for judgment for the value of the property, with interest. In trover, under the old system of pleading, the declaration was very different from the declaration in assumpsit for goods sold, and there could be no difficulty in determining the form in which the plaintiff presented his demand. He must now recover upon the facts, and if his summons be for a money demand on contract, there can be no doubt of his election; but the summons forms no part of the pleadings, and I cannot, by reference to it, determine whether the plaintiff has elected what form his action shall assume. The prayer for relief may sometimes determine the question, and, I think, does in this case. The plaintiff prays judgment for the sum of six hundred and forty dollars, which is the value of the property detained, with the interest thereon. This is precisely what the law of damages would give him in an action to recover for the wrongful detention of the property, leaving the question of value open to dispute. *Stevens* v. *Lowe*, 2 Hill, 132; *Dellenback* v. *Jerome*, 7 Cow. 294; *Kennedy* v. *Strong*, 14 J. R. 128. It is true, that such would be the rule if the action were to recover as for goods sold, although the pleader might then allege the goods reasonably worth the sum named. In this case, the plaintiff insists that the action is in tort, in the nature of the old action of trover, and the defendant insists that it is not. In form, under the Code, it may be either, because the facts are the same; but it is clear that on the complaint the plaintiff would be entitled to an order of arrest, and the action must be regarded as of the character claimed by him. It may be that the defendant is right, but he has proceeded upon the supposition that the complaint was, in form, one not only for the recovery of the value of the goods converted, but one in which the tort was waived. I have been unable to arrive at such a conclusion, although I have given this case a great deal of attention and consideration. I thought the

question very embarrassing, and the views which I have adopted not having been suggested on the argument of the demurrer, I have been more cautious and deliberative in making them the basis of my judgment. If the defendant had produced the summons, the result might have been different.

Judgment for the plaintiff on the demurrer.