## HARRIS *vs.* SCHULTZ.

Where property, debts and demands are transferred and assigned by partners to their creditor to hold as security for his debt and as his indemnity against an indorsement, the title to the property &c. vests in the creditor, with the right of possession and absolute dominion over it, subject only to the right of the assignors to redeem.

And if the creditor intrusts such property, debts and demands with the partners, to sell and collect the same, as his agents and factors, and pay over the proceeds to him, they do not become liable, upon a sale of the property by them, as tort-feasors, as upon an unauthorized disposal thereof, so as to authorize an action of trover against any of them alone. Their

Harris *v.* Schultz.

liability rests upon contract, and not on tort, and is necessarily joint, and not several.

Hence an action for the refusal of the debtors to account for and pay over the proceeds of property sold by them must be brought against both; and if brought against one, only, the objection of the non-joinder of the other is properly taken by demurrer.

APPEAL from an order overruling a demurrer to the complaint for defect of parties. The plaintiff alleged, in his complaint, that on the 14th day of December, 1861, the defendant and his partner, one Schneider, being indebted to him in the sum of $731, and he having become their surety by indorsing their note for $4253.93, transferred by a written bill of sale or assignment which was set out at length, a quantity of cheese and other personal property, and also certain accounts and debts for cheese sold, to hold to him as security for his debt and as his indemnity against the indorsement, with power to collect the debts and sell the property and apply the proceeds in discharge of the claims above mentioned. He further alleged that he took possession of the cheese and other property, and afterwards left the property, and the debts assigned, with the defendant and his partner to sell and collect and pay the proceeds to him, the plaintiff, which they promised to do. "That the defendant being thus intrusted with said property, debts and demands as the agent and factor of said plaintiff and acting for the plaintiff in a fiduciary capacity, sold said property and collected said debts and demands and received the money therefor to the amount of about $13,000; and that out of the moneys so received the said Adam Schultz, without the knowledge or privity of said Schneider, as the plaintiff is informed and believes, has fraudulently, unlawfully and without the consent of the plaintiff appropriated, taken, carried away and converted to his own use, the sum of about twelve hundred and fifty-four dollars, which he refused after a demand on the part of the plaintiff, to pay over or account for to said plaintiff." The plaintiff further alleged the

payment by him of the indorsed note, and that his debt was unpaid; and that the defendant and his partner refused to and declared themselves unable to pay either; and judgment was demanded for $1254 and interest.

The defendant demurred to the complaint, alleging as a cause the non-joinder of Schneider as a party defendant. The demurrer was overruled, and the defendant appealed.

*F. W. Hubbard,* for the appellant.

*Hammond & Bigelow,* for the respondent.

*By the Court,* ALLEN, J. By the transfer and assignment ¹he title to the property mentioned vested in the plaintiff. He had the possession and right of possession, with the right of absolute dominion over it, subject only to the right of the defendant and his partner to redeem. When it was placed in the custody of Schultz & Schneider they became his bailees, and their possession became his possession. The plaintiff would have had an action for an injury to or unlawfully taking the property from the possession of his bailees; and for an unauthorized disposal of the property by them, or for a refusal to deliver it on demand while they continued in possession, an action of trover could have been brought against them by the plaintiff. (*Severin* v. *Keppel,* 4 *Esp.* 156. *Murray* v. *Burling,* 10 *John.* 172. *McMorris* v. *Simpson,* 21 *Wend.* 610. *Dunlap's Paley on Agency,* 79. *Ridder* v. *Whitlock,* 12 *How. Pr. R.* 208.) But on the sale of the property and receipt of the pay, as well as on the collection of the debts, Schultz & Schneider acted as the agents of the plaintiff, and within the admitted scope of their authority. They did not, therefore, nor did either of them, become liable as tort feasors for such sale and collection as upon an unauthorized disposal of the property. When the money was received, it was received by them in the course of their business and as partners. The acts and receipts of

one bound the other. They became trustees for the plaintiff, liable to account to him for the avails of the property and debts that came to their hands. They were under an express contract to account for and pay over these proceeds, but the liability would have resulted from their character and the relation they occupied to the plaintiff, in respect of the property, without an express undertaking. It would have been implied by law. This liability rests upon contract, and not on tort, and is necessarily joint and not several. The omission or refusal to pay over moneys received by a factor, agent or trustee in the course of his agency or trust, will not lay the foundation of an action of trover. He is not bound to pay over the specific money that he receives. Paley, (*ut supra,*) lays down the rule that "if goods be sold with the consent of the principal, no subsequent refusal to account for the produce will support this action (trover);" and in this he is fully supported by Buller, J. sitting for the chancellor in *Weymouth* v. *Boyer,* (1 *Ves. jun.* 424.)

Judge Bronson, in *McMorris* v. *Simpson,* (*supra,*) affirms the same doctrine. He says "that there must be some act on the part of the agent; a mere omission of duty is not enough." "Nor will trover lie where the agent though wanting in good faith, has acted within the general scope of his powers. There must, I think, be an entire departure from his authority before this action for a conversion of the goods can be maintained." The precise point was decided by the court of appeals, in December, 1853, in *Pettit* v. *King,* (*Selden's Notes, p.* 36.) It was there decided that the action for the wrongful conversion of personal property would not lie where it appeared that the defendant wrongfully sold the property and held the proceeds as trustee for the plaintiff, which, upon demand, he refused to pay over. It was also held, in the same case, that a claim against the trustee could not be united in the same action with one for the wrongful conversion of property. The reason is obvious: the one is in tort, the other upon contract.

Harris *v.* Schultz.

The case of *Walter* v. *Bennett,* (16 *N. Y. Rep.* 250,) is decisive of this case; there the plaintiff, in one count, claimed to recover the possession of a draft which he alleged belonged to him and had been wrongfully detained. At the trial he proved that the defendant, as his agent, had sold a quantity of pork, and received therefor the draft claimed, which he procured to be discounted and had the money put to his own credit in bank. After he had done so, the plaintiff demanded of him the draft, or the avails thereof, and the defendant refused to deliver the same. The plaintiff was nonsuited, and the nonsuit was sustained by the court of appeals; that court holding that trover would not lie for the draft, as the defendant had authority to procure the money upon it; nor for the money, as the defendant was only liable upon his contract of agency; and the action was not allowed to be retained as an action upon contract. His remedy was held to be *ex contractu,* upon a complaint properly framed.

In *Ridder* v. *Whitlock* this question was not considered by the learned judge. In that case there was an allegation of the conversion of property as well as money, and the question was as to the conformity of the complaint to the summons—a question of regularity in the procedure, rather than as to the form of the remedy, or the rights of the parties. As an action of trover it cannot be sustained, and as an action *ex contractu,* which it must be held to be, as the complaint states facts upon which the defendant would be liable in assumpsit, it is defective for the non-joinder of Schneider; and the objection was properly taken by demurrer. (*Code,* § 144.)

The order must be reversed, and judgment given for the defendant, with leave to the plaintiff to amend on payment of costs.

[OSWEGO GENERAL TERM, July 14, 1863. *Allen, Mullin, Morgan* and *Bacon,* Justices.]