RALPH H. ISHAM, Appellant, *v.* ROYAL PHELPS, Respondent.

(Argued June 19, 1873; decided September term, 1873.)

THIS was an action for an accounting for certain moneys received by a firm of which defendant was a partner, the

complaint praying that defendant be decreed a trustee and accountable for such moneys. Defendant pleaded the non-joinder of the other members of his firm as parties defendant and a general denial of the statute of limitations.

In the year 1859 defendant was a member of the firm of Maitland, Phelps & Co. Plaintiff and his brother, Joseph G. Isham, were the owners of a mortgage on lands in Jamaica. In June of that year the Ishams, on the recommendation of defendant's firm, employed one Barnes to collect the mortgage, executing to him a power of attorney, by which they directed him to remit the net avails to defendant, or "whom-soever he shall appoint." Barnes collected the mortgage and remitted the proceeds to defendant's firm, who received it prior to September 1st, 1860, paid over one-half thereof to plaintiff, as his share, and the balance they claimed to apply upon a debt they had against Joseph G. Isham, who, prior to that, had failed and made an assignment for the benefit of his creditors. Plaintiff bought of the assignee his interest in the money. This action was commenced in 1869. These facts appearing at the close of plaintiff's case, defendant moved for a dismissal of the complaint, on the ground that plaintiff's cause of action was barred by the statute of limitations; also, that no cause of action was established against him; which motion was granted. *Held*, no error; that, there being no proof that defendant knew of the provision in the power of attorney, or that he ever assented that the money should be paid to him, or that it ever came to his hands, or that he personally had anything to do with it, he could not, in any form of action, be held liable to account for it individually; that, upon the facts, if plaintiff had any cause of action, it was against the firm for money had and received, and that such an action would be barred by the statute.

*George W. Miller* for the appellant

*Samuel Hand* for the respondent.

EARL, C., reads for affirmance.

All concur; REYNOLDS, C., not sitting.

Judgment affirmed.