are so. Neither is it necessary that the person served should be a managing agent in this state. The Code attaches no such condition to the validity of such service. A reasonable requirement seems to be that the person served should be of sufficient responsibility to render it probable that the company will receive notice of the service. That end has been attained in this case, and, though the extent of the powers of Curtis as the agent of the defendant are not very fully stated, we think they were sufficient to constitute him a "managing agent," within the meaning of the Code. The order should be affirmed, with $10 costs and disbursements. All concur.

(84 Hun, 391.)

### FARRELLY v. HUBBARD.

(Supreme Court. General Term, Second Department. February 11, 1895.)

EXECUTION AGAINST PERSON—ISSUANCE ON JUSTICE'S JUDGMENT.

  One who is authorized by another to receive money for and pay it over to him is not, on failure to pay over the money received, guilty of a wrongful "detention or conversion of personal property" (Code Civ. Proc. § 2895, subd. 2) on a judgment in a justice's court, for which cause of action Code Civ. Proc. § 3026, provides that an execution against a person may be issued; but he acts in a fiduciary capacity in receiving such money (Code Civ. Proc. § 2895, subd. 3), in which case section 3026 provides that execution against the person on a justice's judgment can be issued only when an order of arrest has been granted.

Appeal from special term, Orange county.

Action by John H. Farrelly against George J. Hubbard to recover damages for false imprisonment. From an interlocutory judgment entered on decision sustaining a demurrer to a matter of justification set forth in the answer, defendant appeals. Affirmed.

The opinion of Mr. Justice BROWN, sustaining the demurrer, is as follows:

Section 3026 of the Code of Civil Procedure regulates the issuing of executions upon judgments rendered in justice courts. Executions against the person can be issued in actions specified in subdivisions 1 and 2 of section 2895, or when an order of arrest has been issued under subdivision 3 of that section. No order of arrest was issued in the action against Farrelly. In my opinion, the action against him fell within subdivision 3. His receipt of the money from the railroad company was as Hubbard's agent. He received it in a fiduciary capacity. The action against him could not be said to have been for conversion of personal property. That expression has reference to specific articles of property owned by a person other than the one who is charged with converting them. It does not apply to money, the receipt of which creates only a debt to another. Money in bills, checks, or coin has no earmarks, and, when it is received by the consent of another, the legal obligation thus created is discharged by paying the debt. It is never necessary to repay the identical bills or coin received. Farrelly had Hubbard's consent to receive his wages, and his duty was to pay the amount to Hubbard, but he was under no duty to turn over to him the same checks or bills that he received from the railroad company. For his failure to pay the debt he could have been arrested under subdivision 3 of section 2895 of the Code, but, unless an order of arrest was issued, an execution against his person could not be issued upon a judgment recovered for the debt. The Code authorizes a demurrer to an answer where the defense pleaded is insufficient in law, and, as the answer in this case sets out all the facts, the question of the justification is one of law solely, and is properly before the court. Segelken v. Meyer, 94

N. Y. 473, and other cases cited by the plaintiff, are not directly in point upon the question discussed, as sections 549 and 550 of the Code were amended in 1886, and the rule applicable in the cases cited is now somewhat changed from what it was when Segelken v. Meyer was decided. See Moffatt v. Fulton, 132 N. Y. 507, 30 N. E. 992. But, for reasons stated, I think the demurrer must be sustained. Plaintiff is allowed costs.

Argued before DYKMAN and PRATT, JJ.

Lewis E. Carr, for appellant.
Frank Lybolt (John W. Lyon, of counsel), for respondent.

DYKMAN, J. The judgment should be affirmed upon the opinion of the court at special term, with costs.

---

(84 Hun, 179.)

BOURDON v. MARTIN.

(Supreme Court, General Term, Third Department. February 12, 1895.)

COSTS—WHO LIABLE—ACTION BY RECEIVER.
　　A judgment creditor will be charged with costs incurred by the receiver in supplementary proceedings on his judgment, where the receivership was not extended to any other judgment, and all the steps taken by the receiver were at the request of the judgment creditor's attorney.

Appeal from special term, Saratoga county.

Action by Louis Bourdon against Francis A. Martin, as receiver of the property of Emma Walker, a judgment debtor, substituted as defendant in place of the New York & Lake Champlain Transportation Company by an order of interpleader granted on payment into court by the transportation company of the money sued for. The action was brought to recover the sum of $243.20 for board alleged to have been furnished to the employés of the transportation company by plaintiff. The receiver of the judgment demanded the amount sued for, alleging it was due to the judgment debtor, and thereupon the order of interpleader was granted. The judgment against Emma Walker was recovered in an action by Robert C. Waldron, and the receiver was appointed in supplementary proceedings thereon. The board sued for was furnished to the employés of the transportation company after Emma Walker, the judgment debtor, had married plaintiff. From an order directing Robert C. Waldron to pay the costs of the action, said Waldron appeals. Affirmed.

For appeal from order charging the receiver personally with costs, see 26 N. Y. Supp. 378, 37 N. E. 571.

Argued before MAYHAM, P. J., and PUTNAM and HERRICK, JJ.

J. W. Atkinson, for appellant.
Thomas O'Connor, for respondent.

HERRICK, J. This is an appeal from an order of the special term charging the appellant with costs obtained in an action against a receiver under a judgment obtained by the appellant. It appears