CASANGES v. KARAM.

(Supreme Court, Appellate Term. February 24, 1899.)

EXECUTION AGAINST THE PERSON—WHEN AUTHORIZED.

    Where plaintiff committed the management of his business, during his absence, to defendant, on the understanding that the latter's compensation was to be one-half the profits, and defendant drew small sums from the proceeds of sales from time to time, there was no such intermeddling with, and appropriation of, the property as to render defendant liable to imprisonment on execution. Consol. Act, § 1386.

Appeal from municipal court, borough of Manhattan, Seventh district.

Action by Constantine P. Casanges against Michael Karam. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVEN-TRITT, JJ.

Sammis & Bierck, for appellant.

Henry Underhill Hart, for respondent.

MacLEAN, J. In his complaint the plaintiff alleged that, while in his employment, the defendant unlawfully took and converted to his own use certain moneys to him, the plaintiff, belonging. The evidence adduced upon the trial tended only to show that, for and during his absence from the country, the plaintiff had committed his business and its management to the defendant, upon the understanding, according to the plaintiff, that his compensation was to be one-half of the profits, but, according to the defendant, without any understanding as to compensation, and that, from time to time, the defendant has drawn from proceeds of sales small sums, together amounting to the sum for which judgment was given. Even if this might have supported an action other than for conversion, it did not show that intermeddling with, and appropriations of, the property of another, which the law

treats with the severe consequences of personal imprisonment, and requires (section 1386, Consol. Act) that that liability be stated, as here, in the judgment.　The judgment should be reversed, and a new trial ordered, with costs to the appellant to abide the event.

FREEDMAN, P. J., concurs.　LEVENTRITT, J., concurs in result.