(28 Misc. Rep. 521.)

ROTHCHILD v. SCHWARZ.

(Supreme Court, Appellate Term.  July 26, 1899.) ·

1. EVIDENCE—LETTERS—SIGNATURE.
   The genuineness of the signature to a letter of a third person written to a party must be shown in order that the letter be admissible against the adverse party.
2. SAME—DECLARATIONS.
   The unverified declaration of a third person, as contained in a letter to plaintiff, that defendant had collected money of the writer, is not binding on defendant, and hence is not admissible.
3. TROVER AND CONVERSION—RIGHT OF ACTION.
   Conversion cannot be maintained against one who receives money as an agent, unless he is bound to turn over the identical money.

Appeal from municipal court, borough of Manhattan, Seventh district.

Action by Emma Rothchild, doing business as E. Rothchild & Co., against Alvin J. Schwarz. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.

Weil & Eschwege, for appellant.

Jacob M. Guedalia, for respondent.

FREEDMAN, P. J. The pleadings in this action were oral, and the complaint was for the conversion of money collected by the defendant, as agent, "acting in a fiduciary capacity," and the defense was a general denial. The plaintiff was the only witness sworn in the case, and from his testimony it appears that on December 23, 1898, the defendant, having a bill against John Wanamaker, of the city of New York, upon which he claimed there was a balance due to him of $122.66, asked the plaintiff to buy the account. The plaintiff advanced to the defendant the sum of $75, and took an assignment of the account, the defendant agreeing to collect the bill, as agent of the plaintiff, and, when collected, to pay to the plaintiff the sum of $85. Subsequently the defendant paid to the plaintiff the sum of $40, and the plaintiff, claiming the defendant had collected the whole amount of the bill from Wanamaker, brought this action, and recovered a judgment for the sum of $45 as for a conversion of personal property, against the defendant. Upon the trial, the plaintiff, for the purpose of showing that the account against Wanamaker had been paid to the defendant, offered in evidence a letter claimed to have been received by her from Wanamaker showing payment to the defendant by Wanamaker. This letter was received in evidence against the objection and exception of the defendant. This was error. No evidence was adduced establishing the genuineness of the signature of Wanamaker, and, even if such additional proof had been given, the letter constituted only the unverified declaration of a third party, and as such was not binding upon the defendant. Moreover, the judgment cannot be maintained as for a conversion of personal property. Conversion has reference to specific articles of property which are owned by the plaintiff, or to which he has the right of immediate possession. It does not apply to money, when the receipt of it creates only a debt to the plaintiff, as in the case at bar. An action for conversion cannot be maintained against a person who receives money in a fiduciary capacity, unless he is bound to turn over the identical money. Farrelly v. Hubbard, 84 Hun, 391, 32 N. Y. Supp. 440; Casanges v. Karam (Sup.) 56 N. Y. Supp. 212; Cabinet Works v. Hyman (App. Term; July, 1899) 59 N. Y. Supp. 526, and cases cited.

Judgment reversed, new trial ordered, with costs to appellant to abide the event.

LEVENTRITT, J., concurring.

MacLEAN, J. I concur in the result for the reason, as given by the learned Presiding Justice, that the letter attributed to Wana-

maker was, at best, the declaration of a third party, and not binding upon the defendant, but I do not assent to the doctrine last stated in the opinion, upon the authority of Farrelly v. Hubbard, 84 Hun, 391, 32 N. Y. Supp. 440.