(36 Misc. Rep. 239.)

### VANDELLE v. ROHAN.

(Supreme Court, Special Term, New York County. November, 1901.)

1. CONVERSION BY FACTOR—PLEADING.
    Plaintiff alleged a consignment of merchandise to defendant, a sale by defendant, and that on his demand defendant refused to pay over either the money received, or an instrument calling for a named sum of money. *Held* insufficient to show a conversion, as the factor was not bound to pay over the identical money or securities which he had received on the sale.

2. COUNTERCLAIM—DEBT ON CONTRACT.
    Where a complaint against a factor alleged a debt on contract, a plea of counterclaim for expenses incurred on the consignment was not demurrable.

Action by Jules Vandelle against Albert Rohan. Demurrer by plaintiff to counterclaims pleaded by defendant overruled.

Crane & Baer, for plaintiff.
Scharps & Scharps, for defendant.

McADAM, J. The plaintiff alleges that he consigned to the defendant certain briarwood; that the defendant sold the same, and received therefor $680.80 in money, and an instrument in writing for $2,326.38; that the plaintiff demanded the proceeds thereof from the defendant, who refused to pay over the sum collected or deliver over said instrument, but unlawfully converted the same to his own use, to the plaintiff's damage $3,007.18. There is no allegation that said instrument was made to the plaintiff, was ever in his possession, or that he had any proprietary interest therein. The defendant pleads two counterclaims in the nature of recoupments for expenses incurred by him upon the consignments in question. The plaintiff demurs upon the ground that the action is in form for the conversion of money, while the counterclaims arise on contract for moneys paid out by the defendant for the plaintiff's benefit, and are not available in an action for tort. Chambers v. Lewis, 2 Hilt. 591. Aside from the fact that the counterclaims arise out of the same contract or transaction set forth in the complaint as the foundation of the plaintiff's claim, and are therefore permissible, the action is really one on contract, not in tort, and the counterclaims on contract are properly pleadable in defense. It is conceded that the defendant was authorized to sell the consigned property, for the plaintiff placed it in his hands for the express purpose of sale. The omission of the defendant to pay over the moneys received by him as a factor, agent, or

trustee in the course of his agency or trust will not lay the foundation of an action of trover. He is not bound to pay over the specific money he received. Any lawful money of like amount would discharge the right of action. Harris v. Schultz, 40 Barb. 315, 318; Morange v. Waldron, 6 Hun, 529. Conversion has reference to specific articles of property or money which are owned by the plaintiff, or to which he has the right of immediate possession. It does not apply to money when the receipt of it only creates a debt to the plaintiff, as in the case at bar. An action for conversion cannot be maintained against a person who receives money in a fiduciary capacity, unless he is bound to return the identical money. Rothchild v. Schwartz, 28 Misc. Rep. 521, 523, 59 N. Y. Supp. 527; Cabinet Works v. Hyman, 28 Misc. Rep. 567, 568, 59 N. Y. Supp. 526; Greentree v. Rosenstock, 61 N. Y. 583; Laverty v. Snethen, 68 N. Y. 522, 23 Am. Rep. 184; 26 Am. & Eng. Enc. Law, 738; Harris v. Schultz, supra; Morange v. Waldron, supra. As was said by the court in Walter v. Bennett, 16 N. Y. 250, 252:

> "The relation between the parties rested in contract: for agency, under all the authorities, is a contract, express or implied. Whether responsibility attaches to the defendant, from his relation of agent, is upon the contract; and the plaintiff cannot, by changing the form of his action, change the nature of the defendant's obligation, and convert that into a tort which the law deems to be a simple breach of an agreement."

Dun. Paley, Ag. 79, lays down the rule that, "if goods be sold with the consent of the principal, no subsequent refusal to account for the produce will sustain the action of trover"; and in this he is fully sustained by Buller, J., sitting for the chancellor, in Weymouth v. Boyer, 1 Ves. Jr. 424. In Farrelly v. Hubbard, 84 Hun, 391, 32 N. Y. Supp. 440, the court held that an action for conversion could not be maintained against a person who receives money in a fiduciary capacity; that, when money is received by the consent of another, the legal obligation thus created is discharged by paying the debt; and that it is never necessary to repay the identical bills or coin received. Upon appeal the court, without disputing the accuracy of the rule stated, reversed the judgment in the case cited, upon the ground that the defendant was the mere servant of the plaintiff, and bound to immediately carry the money to the plaintiff, and that he was guilty of conversion when he failed to do so. Farrelly v. Hubbard, 148 N. Y. 596, 43 N. E. 65. In other words, where a master sends his servant to the bank to cash a check, or to a customer to collect a bill, the servant, who is intrusted with a mere temporary possession, is bound forthwith to carry the money to the master, or he becomes liable civilly for the conversion thereof, and criminally for that species of larceny called "embezzlement." But in the case of a factor or agent, where a limited credit is given, and the proceeds of sale are generally remitted to his principal by the bank check of the factor or agent, no obligation to return the specific money attaches, and neither an action of trover for conversion, or a criminal charge of embezzlement, will lie. For these reasons, the defendant is entitled to judgment on the demurrer, with costs, but with leave to the plaintiff to withdraw his demurrer and

reply to the counterclaims on payment within 10 days of $20, the trial fee of an issue of law. .

Judgment accordingly, with costs.