### HART et al. v. GOADBY et al.

(Supreme Court, Special Term, New York County.  May 25, 1911.)

1. MONEY RECEIVED (§ 6*)—TRUSTS (§ 95*)—MONEY WRONGFULLY OBTAINED.

An action at law for money received may be maintained by remainder-men and assignees of the executors of the life beneficiary against parties who have received money from the trustee of the life beneficiary, as money to which in equity defendants are not entitled as against plaintiffs, or plaintiffs may have an action in equity for an accounting by defendants as trustees ex maleficio.

[Ed. Note.—For other cases, see Money Received, Dec. Dig. § 6;* Trusts, Cent. Dig. §§ 145–147; Dec. Dig. § 95.*]

2. LIMITATION OF ACTIONS (§ 103*)—ACTIONS—LIMITATIONS—CONSTRUCTIVE TRUSTS.

The rule that the limitation of actions against a trustee for an accounting does not begin to run until the trustee repudiates the trust does not apply to an action for an accounting against a trustee in invitum or a constructive trustee, since the law will not presume that the trustee is not acting adversely to his trust.

· [Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 506–510; Dec. Dig. § 103.*]

3. LIMITATION OF ACTIONS (§ 102*)—ESTOPPEL TO RELY ON LIMITATION—TRUSTEE DE SON TORT.

Where a stranger to a trust has assumed to act and has acted as a trustee, and by his officious acts has rendered himself liable as a trustee de son tort, he is estopped from setting up by way of limitation that his acts were in hostility to the trusts.

[Ed. Note.—For other cases, see Limitation of Actions, Dec. Dig. § 102.*]

4. TRUSTS (§ 95*)—CONSTRUCTIVE TRUSTS—FRAUD OR WRONG IN ACQUISITION OF PROPERTY.

Where defendants received money and assets from a trustee for a life beneficiary for use in the buying and selling of stocks and bonds on the trustee's personal account with knowledge that the money was a trust fund and that such use of trust funds was not permitted by law, there is no recognition of the trust, but the money is received in hostility to the trust estate, and defendants are constructive trustees.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. §§ 145–147; Dec. Dig. § 95.*]

5. TRUSTS (§ 371*)—ACTIONS—LIMITATIONS—CONSTRUCTIVE TRUSTS.

Where the allegations in an action at law for an accounting are fairly susceptible on demurrer of an interpretation that the defendants are constructive trustees, they may interpose the defense of the statute of limitations.

[Ed. Note.—For other cases, see Trusts, Dec. Dig. § 371.*]

6. LIMITATION OF ACTIONS (§ 37*)— EQUITABLE ACTIONS AND REMEDIES — TRUSTS.

An action at law by remaindermen against a firm of brokers for wrongfully receiving money from the trustee for the life beneficiary, based upon defendants' constructive fraud, in which there is no allegation of concealment or deception or actual fraud on the part of defendants, is not governed by the six-year limitation after discovery of fraud and accrual of action, imposed by Code Civ. Proc. § 382, subd. 5, on actions to procure judgment other than for a sum of money on the ground of fraud in cases cognizable by the court of chancery.

[Ed. Note.—For other cases, see Limitation of Actions, Dec. Dig. § 37.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

7. LIMITATION OF ACTIONS (§ 5*)—CONSTRUCTION OF LIMITATION CLAUSE.

Statutes of limitation are statutes of repose and ought to be upheld, and a wise public policy demands their recognition and forbids their evasion.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 13–15; Dec. Dig. § 5.*]

8. REMAINDERS (§ 17*)—ACCRUAL OF RIGHT OF ACTION—REMAINDERS IN TRUST ESTATE.

The right of a remainderman under a testamentary trust to sue a trustee appointed by will, or a person who has in contemplation of law wrongfully assumed the duties of trustee, accrues only where the remainderman becomes entitled to the property.

[Ed. Note.—For other cases, see Remainders, Dec. Dig. § 17;* Limitation of Actions, Cent. Dig. § 231.]

9. PLEADING (§ 80*)—PARTIAL DEFENSES—EFFECT.

Where a complaint sets forth two causes of action, a partial defense is good on demurrer if it can be raised against either cause of action.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 162; Dec. Dig. § 80.*]

10. LIMITATION OF ACTIONS (§ 49*)—EQUITABLE ACTIONS—REMEDIES—TRUSTS.

The ten-year limitation of actions of Code Civ. Proc. § 388, applies only to actions of which equity has exclusive jurisdiction, and, where the remedy in equity is merely concurrent with one at law, the statute limiting the time for the commencement of an action at law is also applicable to the equitable remedy, and hence the 6-year limitation of Code Civ. Proc. § 382, applies to an action against a constructive trustee for an accounting for money had and received.

[Ed. Note.—For other cases, see Limitation of Actions, Dec. Dig. § 49.*]

11. ACTION (§ 28*)—CONTRACT OR TORT—TRUSTEE.

Where plaintiffs as remaindermen sue to recover money of stockbrokers who have wrongfully received it from the trustee for the life beneficiary on the ground that its receipt by defendant was for the benefit of the plaintiffs, there is a waiver of the conversion and an action on an implied contract of defendants to hold the money for the benefit of the plaintiffs.

[Ed. Note.—For other cases, see Action, Cent. Dig. §§ 196–215; Dec. Dig. § 28.*]

12. PARTIES (§ 30*)—DEFENDANTS—JOINDER—PERSONS WHO MUST BE JOINED.

Where remaindermen bring an action to recover money from a brokerage copartnership on the ground that it had wrongfully received money from the trustee for the life beneficiary joining as defendants only the then members of the partnership, parties who had been members of the copartnership during the period covered by the action are not necessary parties defendant, since, if they were before the court, the court would not be bound to adjudicate the question of the right of contribution as between them and the other parties defendant.

[Ed. Note.—For other cases, see Parties, Dec. Dig. § 30.*]

Action by Charles H. Hart and others against William H. Goadby and Charles T. Kilborne, copartners under the firm name of W. H. Goadby & Co. Demurrers by plaintiffs to the first, second, and twelfth separate and partial defenses in the answer on the ground that each was insufficient in law upon the face thereof. Demurrers to the first and second separate and partial defenses overruled, and demurrer to the twelfth separate defense sustained.

See, also, 138 App. Div. 160, 123 N. Y. Supp. 166.

Bowers & Sands (W. H. Van Benschoten and Charles H. Edwards, of counsel), in support of demurrers.

Alexander & Green (Allan McCulloh and Campbell E. Locke, of counsel), in opposition.

LEHMAN, J. The plaintiffs are remaindermen and assignees of the executors of the life beneficiary under a trust created under the will of Joseph B. Hart, who died on the 14th day of December, 1878. The defendants are copartners engaged in business as bankers and brokers under the firm name of W. H. Goadby & Co. The plaintiffs allege in their complaint that:

"Between the 28th day of December, 1878, and the 20th day of September, 1907, John Jay Nestell, the trustee appointed and acting under said will, did wrongfully, unlawfully, and in violation of his duty as trustee under the last will and testament of Joseph B. Hart, deceased, and of the trust thereby created, convert, misappropriate, and wrongfully use the money hereinafter mentioned, and for the purposes thereof delivered to the defendants, and the defendants did wrongfully and unlawfully receive from the said John Jay Nestell certain moneys and other assets belonging to and being a part of the said estates so held by the said Nestell as trustee under the said last will and testament, and that said sums of money and assets were so delivered by said Nestell and so received by said defendants for the purpose of the business and speculation of said Nestell personally, of the use and advantage of these defendants and of the purchase and sale of and speculation in railroad and industrial stocks and bonds, and in other investments not permitted by law to trustees, all of which facts were well known to these defendants."

They further allege that it was at all times known to these defendants that the assets so delivered to and received by these defendants were a part of the assets of the trust estate created by the will of Joseph B. Hart, and that these assets "were wrongfully and unlawfully used by these defendants and said Nestell in the purchase of and speculation in various industrial and railroad stocks and other securities and properties, all of which were unauthorized for the investment of trust funds by a trustee under the laws of the state of New York, and in the individual purposes, business, and speculation of said Nestell and of these defendants, and in the payment and liquidation of claims owed by the said Nestell in his individual capacity to these defendants, and that in the said unlawful use, misappropriation, and conversion of the said assets and funds these defendants did unite with and aid and abet the said Nestell with full knowledge that the said acts were wrongful and unlawful and in violation of the trusts created by said will and of the rights of the beneficiaries thereunder." These allegations constitute the gravamen of the complaint against the defendants, and upon these allegations the plaintiffs seek an accounting in equity from the defendants of the moneys received by them, together with all profits, income, and dividends received and earned thereon. The answer consists of a general denial and a number of separate defenses, and the plaintiffs have demurred to the first, second, and twelfth separate defenses. The first and second defenses are denominated "partial defenses," and set up, respectively, limitations of six years and ten years against the claims relating to moneys received prior to the 29th day of June, 1904, and prior to the 29th day

of June, 1900. [1] It seems to me that the cause of action against the defendants arose at the time that they received the assets. At that time they received moneys to which in equity they were not entitled, and from that time an action for money had and received could be maintained against them at law, or the injured party could regard them as trustees ex maleficio and bring an action in equity for an accounting.

[2] They were trustees, however, not by choice, but in invitum. The rule that the limitation against actions for an accounting by a trustee does not begin to run until the trustee repudiates the trust does not apply. In the case of a constructive trust the law will not presume that the trustee is not acting adversely to his trust. See Lammer v. Stoddard, 103 N. Y. 672, 9 N. E. 328; Price v. Mulford, 107 N. Y. 303, 14 N. E. 298; Mills v. Mills, 115 N. Y. 80, 21 N. E. 714; Gilmore v. Ham, 142 N. Y. 1, 36 N. E. 826, 4 Am. St. Rep. 554; Finnegan v. McGuffog, 139 App. Div. 899, 123 N. Y. Supp. 539.

The plaintiffs in their extraordinarily exhaustive brief fail to cite a single case in this jurisdiction which holds that the statute of limitations may not be set up by a constructive trustee. They cite, however, the English case of Soar v. Ashwell, 2 Q. B. D. [1893] 390, where the court held that:

"There are certain cases of what are, strictly speaking, constructive trusts, in which the statute of limitations cannot be set up as a defense."

[3] An examination of that opinion, however, shows that the rule enunciated by the court applies only to cases where a stranger to the trust has assumed to act and has acted as a trustee, and by his officious acts has rendered himself liable as a trustee de son tort. In such cases there seems to be no doubt that the trustee is estopped from setting up that his acts were in hostility to the trust. To raise such an estoppel there must, however, be shown a voluntary assumption of responsibilities in respect to the trust estate. Putnam v. Lincoln Safe Deposit Co., 191 N. Y. 166, at pages 184 and 185, 83 N. E. 789.

[4] In the case under consideration there was, in my opinion, no recognition of the trust and no voluntary assumption of responsibilities thereunder; on the contrary, the gravamen of the action is that the defendants received the assets of the trust estate for their own benefit and in hostility to the trust estate. Even if, however, the allegations of the complaint are sufficient to sustain a judgment that the defendants have assumed a liability as trustees de son tort, the plaintiffs' contention that the defense of the statute of limitations is therefore open to a demurrer cannot be sustained. The question before me is whether the admission of the allegations of the complaint necessarily preclude the establishment of this defense.

[5] If the allegations are fairly susceptible of an interpretation that the defendants are merely constructive trustees, then the defense of the statute of limitations may be interposed, even though possibly the plaintiffs' proof at the trial may defeat this defense.

[6] The plaintiffs claim that, even if the defendants have a right to plead the statute of limitations, the case is governed by subdivision 5 of section 382 of the Code, and that the cause of action is not

deemed to have accrued until the discovery by the plaintiff or the person under whom he claims of the facts constituting the fraud. The complaint alleges no concealment or deception on the part of the defendants. While susceptible of the interpretation that the defendants have been guilty of constructive fraud, it proceeds upon no allegations of actual fraud.

In the case of Finnegan v. McGuffog, supra, the defendant took a renewal of a lease in her own name, though the lease belonged to the trust estate. The court there said (139 App. Div. at page 900, 123 N. Y. Supp. at page 541):

"The complaint does not proceed upon allegations of actual fraud; hence the special limitation contained in subdivision 5 of section 382 of the Code of Civil Procedure has no bearing upon the case."

This opinion seems to me to be in line with the settled authority of this state that the special limitation may be interposed only where actual fraud is the gravamen of the complaint, and does not apply where the fraud is merely constructive or where the allegations of fraud are incidental to but not the ground of the cause of action. See Carr v. Thompson, 87 N. Y. 160; Price v. Mulford, 107 N. Y. 303, 14 N. E. 298; Mills v. Mills, 115 N. Y. 80, 21 N. E. 714; Gilmore v. Ham, 142 N. Y. 1, 36 N. E. 826, 4 Am. St. Rep. 554; Yeoman v. Townshend, 74 Hun, 625, 26 N. Y. Supp. 606; Chorrmann v. Bachmann, 119 App. Div. 146, 104 N. Y. Supp. 151.

The plaintiff claims, however, that under the recent decision of the Court of Appeals in the case of Lightfoot v. Davis, 198 N. Y. 261, 91 N. E. 582, 29 L. R. A. (N. S.) 119, subdivision 5 of section 382 does apply to the facts of this case. The decision of the Court of Appeals was handed down shortly before the decision of the Appellate Division in Finnegan v. McGuffog; but an examination of the briefs on file in the latter case shows that it was not called to the attention of the court and possibly was not considered by it. I do not find, however, that it is any authority upon the question before me. It is true that the complaint in that action was also for an accounting under a constructive trust. In that case, however, the trust arose upon the conversion of securities by the defendant's testator himself, and, though the trust was constructive, the fraud was actual and morally reprehensible in the highest degree. Moreover, the court there points out that the testator was guilty of fraud in, "first, the original larceny, second, the subsequent concealment of the stolen property and of its sale and the receipt of its proceeds," and the decision is expressly placed upon the second fraud (198 N. Y. 272, 91 N. E. 586). The question in that case arose after a trial of the issues and proof of this fraud, and the court did not hold that under the allegations of the complaint even in that action a demurrer to a defense setting up the statute of limitations would be sustained.

[7] So far as the allegations of the complaint are susceptible of interpretation as allegations merely of constructive fraud, the opinion of Mr. Justice Brewer in Hayes v. McIntire (C. C.) 45 Fed. 529, would seem applicable:

"In a case in which the defendant is guilty of no moral wrong, has taken no part in any fraud or deceit, will equity seek to deprive him of the protection which the statute of the state casts around his possession, or will it recognize the wisdom of that legal protection and seek to uphold it? There was a time when statutes of limitation were looked upon with disfavor, and when the courts delighted to seize upon any pretext for avoiding their force; but that time has passed, and now it is generally recognized that they are statutes of repose and ought to be upheld. A wise public policy demands their recognition and forbids their evasion."

The plaintiffs further urge that, since they are only remaindermen of the trust estate, their cause of action accrued only when the life tenant died. The conclusive answer to this contention is that they sue both as remaindermen and as assignees of the life tenant, and since the defenses are pleaded only as partial defenses they are not open to demurrer.

[8] In regard to the cause of action of the plaintiffs as remaindermen, the question of when the cause of action accrued seems somewhat doubtful. While it is well established that the right of a remainderman under a testamentary trust to sue a trustee appointed by will or a person who has in contemplation of law wrongfully assumed the duties of trustee accrues only when the remainderman becomes entitled to the property (Putnam v. Lincoln Safe Deposit Co., 191 N. Y. 166, 83 N. E. 789), it does not follow that the same rule applies when the action is predicated upon a hostile interference with the trust estate and the trustee would have had a right to bring the action earlier. I do not think, however, that I should consider this question.

[9] Inasmuch as the complaint sets forth practically two causes of action, the defense is good as a partial defense if it can be raised against either one, and no decision on my part as to whether it would be good against the other would be conclusive upon the trial of the action. It remains, therefore, only to determine whether the six-year or the ten-year limitation applies.

[10] The complaint sets forth a cause of action for moneys had and received. There are concurrent remedies for the wrongs alleged which may be obtained by actions at law or in equity. The equitable remedy of an accounting affords perhaps fuller relief; nevertheless, the purpose of the accounting is merely to determine the amount for which the defendants may be held liable because of their conversion of plaintiffs' securities. "It seems to be settled, however, that the ten-year provision applies only to actions of which equity has exclusive jurisdiction, and that where the remedy in equity is merely concurrent with one at law the statute limiting the time for the commencement of the action as law is also applicable to the equitable remedy." Holt v. Hopkins, 63 Misc. Rep. 537, at page 540, 117 N. Y. Supp. 177, at page 179, and cases there cited.

It follows that the demurrer to the first and second separate defenses must be overruled.

The twelfth separate defense sets forth that there is a defect of parties defendant in that two persons who were copartners with the defendants at certain periods are not made parties to the actions. It

appears that during the periods mentioned in the complaint there were four successive copartnerships doing business under the firm name of W. H. Goadby & Co., and, while the defendants were members in all the copartnerships, third persons were joined with them in two of the copartnerships. The defendants claim that these persons should be joined as parties defendant, both because the suit is brought upon a copartnership obligation and is therefore upon a joint liability, and because the other partners would in any event be liable for contribution in an action by the defendants against them, and should be made parties to the equitable action in order that all controversies connected with the obligation sued upon may be litigated in one action.

[11] The complaint seeks to hold the defendants liable for the wrongful acts alleged to have been committed by the copartnership of which they were members. The basis of the action is the receipt for their own benefit of moneys belonging to the plaintiffs. Whether or not they individually participated in the conversion of these moneys is immaterial; as members of the firm they are responsible jointly and severally as principals for all acts committed by their agents or partners. The plaintiffs have by their form of action waived the conversion and sue upon an implied contract of the defendants to hold the money wrongfully received by them for the benefit of the plaintiffs.

[12] The contract, however, is not a copartnership contract. It is implied not as an inference·of fact of intent of the parties, but is implied by law despite the intent of the parties. The liability of the defendants as principals for the wrongful acts of their agents or partners is a joint and several liability, and the contract implied by law by reason of these acts is, in my opinion, also joint and several. The plaintiffs do not allege that the defendants as copartners have rightfully received their moneys and wrongfully refuse to account to them, as was the case in Isham v. Phelps, 54 N. Y. 673, and in Harris v. Schultz, 40 Barb. (N. Y.) 315; but they seek to hold the defendants liable for moneys wrongfully received by themselves or their agents. In the first case the obligation to account arises upon the breach of a joint obligation; in this case the obligation to account arises upon a breach of the contract implied from their wrong, and this obligation, like the wrong and the contract, is joint and several. Under the authority of Steele v. Leopold, 135 App. Div. 247, 120 N. Y. Supp. 569, it may be that the defendants will be entitled to contribution from their copartners. It does not, however, necessarily follow that for this reason the copartners must be made parties defendant. The action is not strictly equitable; but the plaintiffs have sought a remedy in equity in a case where the facts also gave them a right of action at law. The plaintiffs saw fit to bring their action against only certain of the parties against whom they would have a right of action, and, even if these other parties were brought in, their presence would not compel the court to adjudicate the question of a right to contribution or a recovery over as between them and the other defendants. Steele v. Leopold, 135 App. Div. 259, 120 N. Y. Supp. 569. The presence of the other parties would be only for the convenience of the defendants, for the plaintiffs make no claim against them. Possibly the

defendants have a right to move that these parties should be brought in so that there may not be two litigations, but the granting of the motion·would be within the court's discretion, and their absence constitutes no defense to plaintiffs' cause of action.

Demurrer to the twelfth defense should be sustained.