JOSEPH SISTO, Also Known as GIUSEPPE SISTO, Respondent, *v.* ANNA BAMBARA, Defendant, Impleaded with DOMENICO CRUPI, as Executor, etc., of ANDREW BAMBARA, Deceased, Appellant.

Second Department, March 3, 1930.

*Thomas Cradock Hughes* [*Stephen J. Rotondi* with him on the brief], for the appellant.

*Louis Kunen* [*Harry I. Juskowitz* with him on the brief], for the respondent.

TOMPKINS, J.   Plaintiff recovered a judgment against the defendant Crupi, as executor of the will of Andrew Bambara, deceased, on five promissory notes dated, respectively, May 1, 1926, for $150; May 1, 1926, for $150; April 18, 1927, for $2,750; August 30, 1927, for $100 and July 30, 1928, for $100.   These notes were all signed by Anna Bambara and Andrew Bambara.   The former was not served and did not appear in this action, which was by stipulation tried before the court without a jury.   Findings of fact and conclusion of law were made, to which exceptions were filed on behalf of the defendant Crupi, executor, who appeals from the judgment on the ground that the said promissory notes were joint, and not joint and several, obligations, and that plaintiff cannot recover against the executor of Andrew Bambara, deceased, until he has exhausted his remedy against the surviving joint debtor.

The first two of these five notes bear the words: " We promise to pay."   From the other three notes the word " We " was omitted and the space was blank where the words " I " or " We " would ordinarily be written.   In all other respects the five notes are identical in form and signed by the makers in the same manner. I think it is a fair and reasonable inference from the form of the first two notes (Exhibits 1 and 2), and the use therein of the word " We " that the other three notes (Exhibits 3, 4, and 5), made by the same parties and signed in the same manner were intended by the makers to create a joint obligation only, and not a joint and several liability.   There was no proof of a contrary intention.

The last of this series of five notes, namely, Exhibit 5, for $100, was made on July 30, 1928, and after the enactment of sections 236 and 238 of the Debtor and Creditor Law (as added by Laws of 1928. chap. 833), which are as follows:

" § 236. Death of joint obligor.   On the death of a joint obligor in contract, his estate shall be bound as such jointly and severally with the surviving obligor or obligors."

" § 238. Article not retroactive.   The provisions of this article shall not apply to obligations arising prior to the date it takes effect."

These sections became effective April 6, 1928, and under them the estate of Andrew Bambara, deceased, is liable on the fifth note, dated July 30, 1928.   As to the first four notes, made prior to this amendment of the Debtor and Creditor Law, it was necessary for the plaintiff to plead and prove that he had exhausted his remedy

against the surviving joint debtor. This was not done, and the complaint as to these four causes of action should have been dismissed. (*Potts* v. *Dounce*, 173 N. Y. 335; *County of Erie* v. *Baltz*, 125 App. Div. 144.)

The judgment should be modified so as to provide that plaintiff's first four causes of action be dismissed without prejudice; that the amount of the judgment be reduced to $116.75, being the amount, with interest, of the note set forth in the fifth cause of action, and that the judgment be without costs. As so modified the judgment should be affirmed, without costs. Findings of fact inconsistent herewith and the conclusion of law are reversed, and new findings and conclusions will be made.

. Present — LAZANSKY, P. J., KAPPER, HAGARTY, SCUDDER and TOMPKINS, JJ.

Judgment modified so as to provide that plaintiff's first four causes of action be dismissed without prejudice; that the amount of the judgment be reduced to $116.75, being the amount, with interest, of the note set forth in the fifth cause of action, and that the judgment be without costs. As so modified, judgment unanimously affirmed, without costs. Findings of fact inconsistent herewith and the conclusion of law are reversed and new findings and conclusions will be made. Settle order on notice.