STATE BANK OF BINGHAMTON, Plaintiff, *v.* JULES S. BACHE and Others, Defendants.

STATE BANK OF BINGHAMTON, Plaintiff, *v.* JULES S. BACHE and Others, Defendants.

STATE BANK OF BINGHAMTON, Plaintiff, *v.* JULES S. BACHE and Others, Defendants.

Supreme Court, Broome County, August 21, 1935.

*Hinman, Howard & Kattell [Harvey D. Hinman, George L. Hinman* and *Morris Gitlitz* of counsel], for the plaintiff.

*Siegfried F. Hartman,* for Ruby Kann, as executrix, etc., opposed.

*Lusk, Buck & Ames [Clayton L. Lusk* of counsel], for the other defendants.

McNAUGHT, J.  The actions are brought by the Superintendent of Banks in the name of the plaintiff, the State Bank of Binghamton, in charge of such Superintendent for the purposes of liquidation.

The defendants in the several actions constituted the copartnership known as J. S. Bache & Co., during the several periods referred to in the complaint.

The sufficiency of the complaint against the several defendants is not before the court for determination on this motion. It appears from the allegations of each complaint that the plaintiff claims that one Andrew J. Horvatt was the president, cashier and sole manager of the plaintiff during the period of time referred to in each complaint; that he opened speculative accounts with the defendants in the names of various individuals, and likewise in the name of plaintiff; that the defendants knew the funds and assets of the plaintiff were being misappropriated and used by said Horvatt in such speculations, or had sufficient information to put defendants on inquiry, and then alleges the loss incurred by plaintiff by such misappropriations and speculations through the defendants, and seeks to recover in each case the amount thereof.

The action is in form for money had and received. Under former practice it would have been in the form of an action in assumpsit, the plaintiff waiving the tort and seeking to recover upon an implied contract.

Subsequent to the joinder of issue the defendant Nathan Kann died. Plaintiff now seeks by these motions to bring in the executrix of his last will and testament as a defendant. The plaintiff contends that the obligation of defendant to plaintiff is a joint and several one. The executrix contends that the obligation, if any, was joint, and the executrix is not a proper party defendant.

It has long been the general rule that partners were liable jointly for the debts and obligations of the partnership at law, although the liability was several in equity. The representatives of a deceased partner could not be sued at law unless the surviving partners were insolvent, the theory of the law being that joint liabilities should be paid from the joint property if possible, and not until that remedy was exhausted or resort thereto shown to be useless, could payment from the individual property be exacted. (*Seligman* v. *Friedlander*, 199 N. Y. 373, 375.)

Plaintiff contends that under the provisions of section 236 of the Debtor and Creditor Law, even if originally the liability of the deceased defendant Nathan Kann was joint, it became joint and several upon his death by virtue of such section.

We do not interpret section 236 of the Debtor and Creditor Law as applying to the liabilities or obligations of the members of a copartnership. The section was applied in the authority relied upon by plaintiff on a joint obligation. (*Sisto* v. *Bambara*, 228 App. Div. 456.) That case, however, in no manner related to a partnership obligation. The action was upon promissory notes. One of the makers had died. The action was brought upon five notes, the legal representative of the deceased maker being made

a defendant. The court held that the plaintiff could not recover as against the legal representative upon the notes executed prior to the effective date of section 236 of the Debtor and Creditor Law, but could recover upon the note executed thereafter. The provision in no manner refers to, or so far as we can discover, is intended to apply to partnership liabilities and obligations. We are of the opinion it has no application to the cases under consideration.

Section 24 of the Partnership Law provides in substance that where, by the wrongful act or omission of any partner to act in the ordinary course of the business of the partnership, loss or injury is caused to any person, the partnership is liable therefor to the same extent as the partner so acting or omitting to act.

Section 25 provides in substance that the partnership is bound to make good a loss caused:

1. Where one partner acting within the scope of his apparent authority receives money or property of a third person and misapplies it; and

2. Where the partnership in the course of its business receives money or property of a third person, and the money or property so received is misapplied by any partner while it is in the custody of the partnership.

Section 26 provides that all partners are liable:

1. Jointly and severally for everything chargeable to the partnership under sections 24 and 25.

2. Jointly for all other debts and obligations of the partnership.

If we construe the complaints correctly, it is their purpose to allege a wrongful and tortious act out of which an implied contract to pay the plaintiff is implied by law, and that the plaintiff waives the tortious act and seeks to recover upon the contract. If the act was wrongful and tortious, the liability was joint and several. It is what may be termed a *quasi* contract. " It is for convenience sometimes classified as an implied contract, but ' in truth it is not a contract or promise at all. It is an obligation which the law creates * * *. It is fictitiously deemed contractual, in order to fit the cause of action to the contractual remedy.' (*Miller* v. *Schloss*, 218 N. Y. 400, 407; *People ex rel. Dusenbury* v. *Speir*, 77 id. 144, 150; Clark N. Y. Law of Cont. § 1031; 13 C. J. 244, § 10.) " (*Miller* v. *City of Oneida*, 153 Misc. 438, 440.)

A tort for which a partnership is liable makes every member of the firm severally liable therefor. The test of liability is based upon a determination of the question whether the wrong was committed in behalf of and within the reasonable scope of the business of the partnership; if it was so committed, even though by an employee, the partners are liable as joint tort feasors. (*Matter of*

*Peck,* 206 N. Y. 55.) This has long been an established principle and is simply continued by statutory enactment in the cited provisions of the Partnership Law.

While arising upon the determination of a demurrer to certain defenses, and even though in an action for an accounting, we are of the opinion the true rule applying to the situation here presented has been clearly and succinctly stated by LEHMAN, J., in *Hart* v. *Goadby* (72 Misc. 232; affd., 138 App. Div. 160), in which the court (at p. 239) said: " The complaint seeks to hold the defendants liable for the wrongful acts alleged to have been committed by the copartnership of which they were members. The basis of the action is the receipt for their own benefit of moneys belonging to the plaintiffs. Whether or not they individually participated in the conversion of these moneys is immaterial; as members of the firm they are responsible, jointly and severally, as principals, for all acts committed by their agents or partners. The plaintiffs have by their form of action waived the conversion and sue upon an implied contract of the defendants to hold the money wrongfully received by them for the benefit of the plaintiffs. The contract, however, is not a copartnership contract. It is implied not as an inference of fact of intent of the parties, but is implied by law despite the intent of the parties. The liability of the defendants as principals for the wrongful acts of their agents or partners is a joint and several liability, and the contract implied by law by reason of these acts is in my opinion also joint and several. The plaintiffs do not allege that the defendants as copartners have rightfully received their moneys and wrongfully refuse to account for them, as was the case in *Isham* v. *Phelps* (54 N. Y. 673) and in *Harris* v. *Schultz* (40 Barb. 315), but they seek to hold the defendants liable for moneys wrongfully received by themselves or their agents. In the first case, the obligation to account arises upon the breach of a joint obligation; in this case the obligation to account arises upon a breach of the contract implied from their wrong; and this obligation, like the wrong and the contract, is joint and several."

We believe it is unnecessary to attempt to add anything to the reasons and the conclusions reached in *Hart* v. *Goadby.* The rule to be applied has not been changed by the Partnership Law, but has been reiterated in that enactment.

It is our conclusion, therefore, that the action is to recover for a wrongful and tortious act, out of which arises a *quasi* or so-called implied contract; that the plaintiff waives the tort and seeks to recover upon the alleged contract, and that upon such state of facts the obligation and liability of the members of the partnership was joint and several.

We, therefore, conclude it is proper to bring in as a party defendant the executrix of the last will and testament of the deceased defendant, Nathan Kann.

The order to be entered herein in each case will provide that the attorney for Ruby Kann, as executrix, appeared specially on each motion, and may likewise recite that the appearance in behalf of the other defendants was without favoring or opposing the motion of plaintiff.

Motion to bring in Ruby Kann, as executrix of the last will and testament of Nathan Kann, deceased, as a party defendant in each case, is granted, with ten dollars costs of motion in each case, to abide event, payable to the party ultimately successful.

Submit orders accordingly.