ANTHONY YEOMAN et al., Appellants, *v.* JOHN TOWNSHEND et al., Respondents.

74 625
43ap 19
74h 625
74 AD⁴ 13

*Action for actual fraud — fraud not presumed — burden of proof — purchase at a sale by an attorney conducting the same — how repudiated — Statute of Limitations — application of, to different trusts.*

When an action is brought based upon actual fraud, and a finding is made, justified by the evidence, that no actual fraud was proved, the complaint should be dismissed.

When actual fraud is alleged it will not be presumed, and the burden of proof is upon the parties alleging it.

Where an attorney who has conducted a sale becomes the real purchaser thereat, his client may avoid the sale and claim the benefit of the purchase, and to entitle the client to such relief he is not required to allege or prove any fraud. Such a purchase is one which equity forbids, and to avoid which all that need be shown is the relation between the parties and the purchaser, and if this appears it is optional with the principal to repudiate or affirm the contract of sale, irrespective of any proof of actual fraud.

A distinction must be drawn with respect to the Statute of Limitations between an actual, express, subsisting trust, or a case of actual fraud, and the case of an implied trust, of a trustee *ex mal officio* or a constructive fraud. In the two former the statute does not begin to run against the beneficiary or *cestui que trust* until the trustee has openly, to the knowledge of the beneficiary, renounced, repudiated or disclaimed the trust; while in the latter cases the statute begins to run from the time the wrong was committed by one chargeable as trustee by implication. The ten-year provision of the Statute of Limitations held to be applicable to the present case.

APPEAL by the plaintiffs, Anthony Yeoman and others, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the city and county of New York on the 7th day of March, 1893, upon the decision of the court, rendered after a trial at the New York Special Term, dismissing the plaintiffs' complaint.

*John S. Davenport,* for the appellants.

*John Townshend,* for the respondents.

O'BRIEN, J.:

The complaint alleges that in 1865 John Townshend, then and still an attorney and counselor at law, approached one Anthony

Yeoman, now deceased, and informed him that by reason of his relations to persons who had an interest in four lots of land at Eightieth street and Eleventh avenue he was possessed of certain rights therein, and requested to be intrusted to bring a suit in partition to settle the rights of the different parties, which request was acceded to and a partition suit was subsequently commenced. It is further alleged that upon a sale in such partition suit, although the property was bid off in the names of others, it was in fact purchased by Townshend, who thereafter, by various devices, succeeded in preventing the knowledge of such purchase being brought home to those who, after the death of Anthony Yeoman in 1871, were interested in the property. Upon such facts amplified, the complaint, by way of relief, demands that Townshend be adjudged to hold the title to such premises in trust for the plaintiffs.

The first question presented relates to the form of the action, as to whether it is one founded on actual or constructive fraud. If the former — and this, as we understand it, is the plaintiff's contention — then, upon the finding made by the learned judge below, that no actual fraud was proven, which finding is justified by the evidence, the complaint upon this ground was properly dismissed. Where actual fraud is alleged it will not be presumed, but the burden is on the parties alleging it to prove it.

Upon the theory of constructive fraud, which presents the other phase by which the rights of the plaintiffs may be determined, we shall take the facts as presented most favorably to the plaintiffs.

The charge is that the defendant Townshend, as an attorney, purchased the property put up for sale, which, it is insisted, entitled the plaintiffs, as heirs at law of Anthony Yeoman, deceased, and as parties to such partition suit conducted by the attorney, to avoid the sale and have it adjudged to be made for their benefit.

The defenses interposed were, that the attorney did not purchase at the sale, and that if he did, the plaintiffs have, by lapse of time, lost their right to avoid the sale.

Notwithstanding the tendency of the evidence, which would seemingly show that the property was originally bought at the sale by one Huntington, who thereafter sold two of the lots to the wife of the defendant Townshend, and two to one Mitchell, who subsequently sold them to a Miss Langdon, by whom, in 1887, they were

conveyed to Townshend, we shall assume, as did the trial justice, that the attorney, though not in name, was in reality the purchaser at such sale.

It may be regarded as settled, that where an attorney who has conduct of a sale becomes a purchaser, his client may avoid the sale and claim the benefit of the purchase. (*Fulton* v. *Whitney*, 66 N. Y. 548.) And to entitle the client to such relief, he is not required to allege or prove any fraud, because such a purchase is one which equity forbids, and to avoid which all that is necessary to be shown is the relation between the parties and the purchase. This appearing, it is at the option of the principal to repudiate or affirm the contract of sale, irrespective of any proof of actual fraud.

Where, therefore, no actual fraud has been proven, and the relief, if granted, is to be upon the theory of constructive fraud, the question is, what lapse of time will bar the action?

The sale was in 1867; the plaintiffs' ancestor did not die until 1871; and from the date of the sale until his death in the latter year, he took no action to repudiate the sale. This action was commenced in 1892.

The unauthorized purchase by an attorney of property intrusted to him to sell is sometimes termed a constructive fraud, and the attorney is termed a trustee *ex mal officio*. A distinction must be drawn with respect to the Statute of Limitations between an actual, express, subsisting trust or a case of actual fraud, and the case of an implied trust, of a trustee *ex mal officio*, or a constructive fraud. In the two former the statute does not begin to run against the beneficiary or *cestui que trust* until the trustee has openly, to the knowledge of the beneficiary, renounced, repudiated or disclaimed the trust, while in the latter cases the statute begins to run from the time the wrong was committed, by one chargeable as trustee by implication. This distinction is recognized by our Code of Civil Procedure. Thus, by section 410 it is provided that where a right grows out of the receipt or detention of money or property by an agent, trustee, attorney or other person acting in a fiduciary capacity, the time must be computed from the time when the person having the right to make the demand has actual knowledge of the facts upon which that right depends.

The two principal witnesses for plaintiffs, with some reluctance

and some qualifications as to the exact date when the knowledge came home to them, admit that as early as 1871 they heard or were informed in some way of the claim made by the defendant Townshend to the property in question, but refrained from taking any action for more than twenty years thereafter. If, therefore, section 410 were applicable, we do not think the plaintiffs would receive much comfort therefrom, for it thus appears that as to some of the plaintiffs, at least, the right to demand the property was complete from the time that they were apprised of the attitude of the defendant in claiming the property as his own, and from that time, undoubtedly, the statute would run.

We do not think, however, that upon the facts here appearing section 410 is applicable, but agree with the view · taken by the learned trial justice, to whose reasoning nothing need be added, that the ten years' Statute of Limitations, as provided by section 388, applies, and in dismissing the complaint upon the ground that it was barred by lapse of time, we think he correctly disposed of the case.

The judgment appealed from should, therefore, be affirmed, with costs.

VAN BRUNT, P. J., and PARKER, J., concurred.

Judgment affirmed, with costs.