## JOHN J. P. READ, Respondent, *v.* LOUIS KNELL, Impleaded, etc., Appellant.

An assignment of a mortgage by an administrator of a deceased mortgagee to a third person, and by the latter to the administrator individually, is not void, but voidable at the election of the next of kin of the intestate ; and so, in an action by the administrator, in his own name as owner, to foreclose the mortgage, the mortgagor and his successors in interest may not controvert plaintiff's title.

In such an action the defendants pleaded a defect of parties, in that the next of kin of the deceased mortgagee were not made parties. It appeared that the only next of kin were plaintiff and a sister who died without issue. It was claimed that she married and left a will. The alleged will was admitted to probate, but the surrogate's decree was reversed by the General Term, and the questions involved were sent to a jury for trial. At the time of the trial of the action these questions remained undisposed of, and no executor or administrator of the deceased sister had been appointed. The Special Term made no findings under the plea of defect of parties, but dismissed the complaint on the ground that the assignment of the mortgage was void. The General Term reversed the judgment and ordered a new trial without passing upon the question as to parties. Defendants appealed from the order giving the required stipulation. *Held*, that an order of affirmance and for judgment absolute on the stipulation was proper.

Reported below, 69 Hun, 541.

(Argued November 1, 1894 ; decided November 27, 1894.)

APPEAL from judgment of the General Term of the Supreme Court in the fifth judicial department, entered upon an order made June 29, 1893, which reversed a judgment in favor of defendant entered upon a decision of the court on trial at Special Term which granted a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Adelbert Moot* for appellant. Plaintiff's complaint was properly dismissed by the trial court. (Code Civ. Pro. §§ 446, 447, 448, 449, 452 ; *Simpson* v. *Satterlee*, 64 N. Y. 657 ; *Sherman* v. *Parish*, 53 id. 483 ; *Van Epps* v. *Van Dusen*, 4 Paige, 64.)

*Edmund P. Cottle* for respondent. The court at Special
Term erred in deciding that the assignments were void as
against the defendants, who had no interest in the estate of
Elizabeth Read. Louis Knell had no interest entitling him to
question the acts of the administrator. (Perry on Trusts,
§ 205 ; *Forbes* v. *Halsey,* 26 N. Y. 65 ; *Harrington* v. *Brown,*
5 Pick. 519 ; *Andrews* v. *Durane,* 18 N. Y. 496 ; *Jennison*
v. *Hapgood,* 7 Pick. 1 ; *Hawley* v. *Cramer,* 4 Cow. 719 ;
*Ward* v. *Smith,* 3 Sandf. Ch. 592 ; *Baker* v. *Read,* 18 Beav.
398 ; *Musselman* v. *Eshelman,* 10 Barr, 394 ; *Bell* v. *Webb,*
2 Gill, 164 ; *Todd* v. *Moore,* 1 Leigh, 457.) The plaintiff is
the real party in interest. (*Sheridan* v. *Mayor, etc.,* 68 N.
Y. 30 ; *Morris* v. *Tuthill,* 72 id. 575 ; *Peterson* v. *C. Bank,*
32 id. 21.) The court at the trial term did not pass upon
any other question than the validity of the assignments.
If its decision on that point was erroneous then the
judgment was properly reversed and a new trial granted,
and the decision of the General Term should be affirmed
and judgment absolute given for the plaintiff. (*Lake* v.
*Nathans,* 67 N. Y. 589 ; *Godfrey* v. *Moser,* 66 id. 250.)
The question as to whether representatives of E. A. S. Read-
Rockwell were necessary parties or not, is not one necessary to
be considered on this appeal. (Code Civ. Pro. § 723.) There
was no sufficient plea in respect to a defect of parties. For
a successful plea in abatement, the plea must show that there
is some person living who is entitled to be joined. (1 Chitty
on Plead. 452 ; *Donovan* v. *Clark,* 76 Hun, 339 ; *People*
v. *Keyser,* 28 N. Y. 226.) As the holder of the mortgage,
the plaintiff might sue alone, even though he held the mort-
gage in part for the benefit of another. It is a contract run-
ning to him ; he sues upon the mortgage and recovers on it.
(Code Civ. Pro. § 449.) The court may determine the con-
troversy as between the parties before it, where it can do so
without prejudice to the rights of others, or by saving their
rights. (Code Civ. Pro. § 452.) The plaintiff is adminis-
trator of Elizabeth Read's estate, has given security for its
assets, and if there were any one but himself interested in it,

he would be equally accountable for the value of the estate that came to his hands whether he assigned the mortgage or collected it as an individual or as administrator. No one is prejudiced or defrauded by either course. (*In re Pruyn*, 114 N. Y. 544.) Defendant has nothing to do with the good faith of the assignment or the effect of it upon the rights of others. The assignor was, as to the defendant, the legal owner of the mortgage; he is estopped by his assignment from denying its validity, and the defendant will be protected in paying to the assignee under a judgment in his favor. (*Sheridan* v. *Mayor, etc.*, 68 N. Y. 32; *Peterson* v. *C. Bank*, 32 id. 1; *Morris* v. *Tuthill*, 72 id. 575; 35 Hun, 544.)

FINCH, J. The plaintiff brought this action to foreclose a mortgage upon the premises described in his complaint. The mortgage was originally given by one Ambruster to Elizabeth Read to secure the payment of seventeen hundred dollars, and the mortgagor thereafter conveyed the land to the defendants Knell and wife. Elizabeth Read died intestate, and the plaintiff was duly appointed administrator of her personal estate. As such and in his official character he assigned the mortgage to a third person, by whom it was at once assigned back to the plaintiff as an individual, and he in due season brought this action in his own name as owner of the mortgage and not in his official character. Upon that circumstance the Special Term founded its decision which resulted in a dismissal of the complaint. The ground asserted was that such a transfer from an administrator to himself as an individual was absolutely void, and so the plaintiff had no title to the mortgage which he sought to foreclose. The General Term reversed the judgment for that error, holding that the assignment was not void, but merely voidable at the election of the next of kin of the intestate, and that the mortgagor and his successors had no such election and could not themselves controvert the title of the plaintiff. The conclusion of the General Term was a correct statement of the law. *Hawley* v. *Cramer*, 4 Cow. 719; *Forbes* v. *Hulsey*, 26 N. Y. 65; *Harrington* v.

*Brown*, 5 Pick. 519.)' Indeed, on this appeal, I do not under-
stand the learned counsel for the appellant to argue to
the contrary, or to defend the abstract rule asserted
by the trial court which made the assignment absolutely
void even as against the mortgagor. What is asserted
appears to be that the dismissal of the complaint was
ojustifiable, although the assignments are regarded as merely
voidable, because of a defect of parties both pleaded and
proved. The argument is that since the next of kin of Eliza-
beth Read might avoid the transfer, they became necessary
parties to the foreclosure, which could not proceed without
them. There are several answers to this claim. It appears
that Mrs. Read, the original mortgagee, left as her only next
of kin the present plaintiff and a sister, who died without
issue, but is asserted to have been married to one Rockwell
and to have left a will. Whether she was so married and
whether she left a valid will are questions now being liti-
gated in the courts. The surrogate admitted the alleged will
to probate, but the General Term reversed the decree and sent
the questions involved to a jury for trial. There have been
two such trials resulting in a disagreement, and there is no
executor or administrator of the sister who could be brought
in. Beyond that, the Special Term proceeded on no such
ground, but upon one which made that question totally imma-
terial and cut off wholly the right of the party, if the court
should so determine, to bring in Rockwell on account of his
claimed interest in the property. The General Term did not
decide the question whether there was or was not a defect of
parties, but left that open as a question to be litigated upon
the new trial which it ordered. Instead of taking the new
trial, and raising the question of parties when for the first time
it became material and securing a ruling thereon or an order
bringing in Rockwell, the defendants took this appeal, giving
a stipulation for judgment absolute. There is no finding that
the sister is living, or that she has any representative what-
ever, because under the view taken by the Special Term the
inquiry did not arise and was not considered. It is quite clear,

therefore, that the General Term were right in reversing the judgment and sending the case back for a trial conducted upon correct principles, but without passing upon any possible defense, which, under the pleadings, the defendants might have a remaining right to interpose.

The order should be affirmed, with costs, and judgment absolute be awarded against the defendants appealing upon their stipulation.

All concur.

Ordered accordingly.