(13 App. Div. 214.)

DUGAN et al. v. DENYSE et al.

(Supreme Court, Appellate Division, Second Department. · January 29, 1897.)

GUARDIAN AND WARD—PURCHASE BY GUARDIAN—VALIDITY.

A purchase at a foreclosure sale by the guardian ad litem of an infant party appointed in the foreclosure action was not void, but voidable only at the instance of the ward, before the enactment of Code Civ. Proc. § 1679, making such a purchase void.

Appeal from trial term, Kings county.

Action by Loretta Dugan and others against Margaret L. Denyse and another, in which there was a verdict for plaintiffs. From an order granting a new trial, plaintiffs appeal. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

George Bliss, for appellants.
Charles M. Earle, for respondents.

HATCH, J. The action is ejectment. The plaintiffs are the surviving children of Ellen and Philip A. Dugan. Ellen Dugan died, intestate, on the 8th day of May, 1863, seised and possessed of the premises which are the subject of this suit. She obtained the premises by purchase in 1859, and gave back a purchase-money mortgage for $500, which mortgage remained a lien upon the premises at the time of her death. On September 2, 1863, suit was brought to foreclose this mortgage by George Vassar, the assignee of the mortgage; and the same passed to judgment and sale, and the premises were bid in upon such sale by Philip A. Dugan, who subsequently received the sheriff's deed thereunder. Prior to judgment in the foreclosure suit, the said Philip A. Dugan was appointed guardian ad litem of his children, the plaintiffs in the foreclosure action, and he appeared by attorney, and filed the usual answer of a guardian ad litem. Dugan conveyed a part of the premises to Henry T. Van

Pelt by deed, dated August 12, 1864; and Van Pelt conveyed the same premises to William H. Denyse, who subsequently died, and by last will and testament devised the premises to the defendant Margaret L. Denyse, who is at present in the possession and enjoyment of the premises. It does not appear from anything in the record that the defendant Annie Schoenfield had or claimed any interest in the premises. So far as appears, she was an entire stranger to the subject-matter of the suit, and, as to her, defendants' motion to dismiss, made at the close of the plaintiffs' case, should have been granted. The claim as presented by the appellants is that Philip A. Dugan could not purchase the fee of the property, and thereby secure title to himself for his own benefit, but that the same inured to the benefit of his cestui que trust; that, at the most, he could only purchase to protect his life estate as tenant by the curtesy. Dugan died subsequent to the conveyance which he made to Van Pelt, and claim is now made that the whole title is vested in the plaintiffs, and that Dugan's conveyance was absolutely void.

This is an action at law, and, as the plaintiffs are out of possession, they are required to show title in themselves in order to succeed. Unless, therefore, the deed by Dugan to Van Pelt be void, no cause of action is made out. Prior to 1877 there does not appear to have been any statutory prohibition preventing any person from becoming a purchaser of the property upon a foreclosure sale. The only statutory prohibition respecting purchasers at a sale of real property under the judgment of the court related to actions in partition. In such case the guardian of an infant could not become a purchaser or interested in a purchase upon a partition sale, and a violation of the provision rendered the sale void. 3 Rev. St. (6th Ed.) p. 593, § 71. This section was repealed (Laws 1877, c. 417), and the subject-matter thereof has been made to embrace sales upon the foreclosure of mortgages, and is embodied in section 1679, Code Civ. Proc. Although there was no statutory prohibition covering the question, it does not follow that the law authorized a person occupying a fiduciary relation to become a purchaser at a foreclosure sale where the rights of the cestui que trust were involved, and obtain the beneficial interest thereunder. On the contrary, it was the settled common-law doctrine, always enforced by a court of equity, that such purchase inured to the benefit of the cestui que trust. Gardner v. Ogden, 22 N. Y. 327. There is, however, this distinction, which becomes of controlling importance in this case: that, whereas the statutory prohibition rendered the sale absolutely void, the common-law principle, enforced as an equitable rule, made such sale voidable only, at the instance of the cestui que trust. Forbes v. Halsey, 26 N. Y. 53–65; Barr v. Railroad Co., 125 N. Y. 263–277, 26 N. E. 145; Harrington v. Bank, 101 N. Y. 257, 4 N. E. 346. We have recently held that a purchase made at a foreclosure sale by a mother who was the guardian in socage of her infant children, and therefore chargeable with a duty to "safely keep the inheritance of her ward," was not void, but voidable only, and that she acquired the title subject to its being charged with a trust in her hands. O'Brien v. Reformed Church (not yet officially reported) 42 N. Y.

Supp. 356. The plaintiffs could by no possibility escape the payment of the purchase-money mortgage, which was a lien upon the premises at the time of the death of Ellen Dugan, if the property had descended to them in the usual course. They are, therefore, now equitably chargeable with its amount. But, if the present action can be maintained, they become entitled to recover the property freed of all liens, including this; and thus they would occupy a better position than it would have been possible for them to have occupied if they had taken the property upon the death of their mother. A case is therefore presented which is peculiarly the subject of equitable cognizance.

It follows that, within the doctrine of the cases cited, this action cannot be maintained, and that the order granting a new trial was therefore right, and should be affirmed. All concur.