(89 App. Div. 161.)

### DUGAN et al. v. SHARKEY et al.

(Supreme Court, Appellate Division, Second Department. December 30, 1903.)

1. SALE ON FORECLOSURE — PURCHASE AND CONVEYANCE BY GUARDIAN AD LITEM—ACTION BY WARDS TO IMPRESS TRUST ON LAND—LIMITATIONS APPLICABLE.

Prior to the enactment in 1880 of Code Civ. Proc. § 1679, declaring void a purchase by a guardian ad litem of property of infant defendants on a foreclosure sale thereof, a guardian ad litem of infant defendants had bought land on foreclosure. Thereafter, for a valuable consideration, he had deeded it to another, whose grantees, under written claim of title, had been in possession for more than 20 years without notice or knowledge of any irregularity in the sale, or of any defect, except such as was conveyed by the judgment roll and report of sale and the sheriff's deed. *Held*, in an action by the guardian's wards to impress a trust in their favor on the property sold, that, even if an actual fraud, of which there was no evidence, had been perpetrated by him, his innocent grantees for a valuable consideration could not be charged therewith unless knowledge was brought home to them, and that the 10-year statute of limitations, running from the time of sale, applied, and not the statute (Code Civ. Proc. § 382, subd. 5) fixing a limitation of actions for fraud, and providing that a cause of action in such case shall not accrue until discovery of the fraud.

Appeal from Special Term, Kings County.

Action by Loretto and Ida Dugan against John Sharkey and others. From a judgment entered on dismissing the complaint, plaintiffs appeal. Affirmed.

Argued before GOODRICH, P. J., and JENKS, WOODWARD, HIRSCHBERG, and HOOKER, JJ.

J. Brownson Kerr (Wm. T. Schley, on the brief), for appellants.
Joseph A. Burr and John J. Allen, for respondents.

GOODRICH, P. J. The plaintiffs bring this action to impress a trust in their favor upon certain real property in New Utrecht. In 1859 the premises were owned by one Ellen A. Dugan. She died intestate on May 8, 1863. At that time the premises were subject to two mortgages—one of $500, given in 1859 by Ellen and her husband, Philip A. Dugan, to secure a portion of the purchase money; the other for $300, dated December, 1861. Both of the mortgages were assigned to George Vassar. Ellen left, her surviving, her hus-

band, Philip, and seven children, born between June 15, 1849, and November 28, 1860. The plaintiff Loretto was the oldest, and the plaintiff Ida the youngest. In October, 1863, Vassar commenced an action to foreclose the first of said mortgages, making Philip and the seven children defendants. Loretto was then 14 years of age. In November Philip was appointed guardian ad litem of Loretto and her brother Charles, on their petition. At the same time Philip was appointed guardian ad litem of his other children, infant defendants. He appeared in the action, and answered, submitting the rights of his wards to the court. In December a judgment of foreclosure was entered, and in January, 1864, the premises were sold by the sheriff to Philip for $500, and a report of sale filed in March, 1864, no exceptions thereto being ever filed. Philip entered into possession of the property, and in August, 1864, conveyed the premises to Henry T. Van Pelt, the deed being immediately recorded. The property in various portions was conveyed by Van Pelt or his grantees to other defendants in this action, and substantial improvements have been made thereon. This action was commenced on April 1, 1897. Each of the defendants appeared, and among other defenses pleaded the statute of limitations. There was no testimony as to actual fraud on the part of Philip or any of the defendants, and the court has found that none of the defendants had any notice or knowledge of any irregularity in the sale to Philip, or of any defect except such as was conveyed by the judgment roll, and the report of sale, and the deed by the sheriff to Dugan. At the trial of the issues the court dismissed the complaint, and from the judgment entered thereon the plaintiffs appeal.

Dugan v. Denyse, 13 App. Div. 214, 43 N. Y. Supp. 308, decided by this court in January, 1897, was an action in ejectment against one of the grantees above referred to. We held that the purchase of the property by Philip according to the settled common-law doctrine inured to the benefit of the cestuis que trustent, and that the purchase was not absolutely void, but only voidable at their instance, and that the case thus presented was peculiarly a subject of equitable cognizance. See, also, Kahn v. Chapin, 152 N. Y. 305, 46 N. E. 489. Previous to 1880 the purchase of property under sale in partition by a guardian ad litem was declared to be void. 2 Rev. St. (1st Ed.) pt. 3, p. 326, c. 5, tit. 3, § 58. This provision was extended to foreclosure sales, in 1880, by section 1679 of the Code of Civil Procedure, but the rights of the parties in this action must be determined by the law as it was previous to 1880. As there was no statutory provision at that time, the common law was in force, as already stated. Among other defenses, the defendants have separately pleaded that in August, 1864, Philip conveyed all the premises to Henry Van Pelt, and that they, as grantees of Van Pelt, have been in possession of various parts of the premises under written claim of title for more than 20 years, and also that the cause of action did not accrue within 10 years before the commencement of the action. Here, as in Dugan v. Denyse, supra, it appears that the plaintiffs are out of possession of the property. The prayer for judgment is that it may be adjudged that upon the death of Ellen Dugan the title descended to her chil-

dren, that the sheriff's deed to Philip should be adjudged to be a deed in trust for them, that the deeds executed by him be declared invalid, and that the plaintiffs be permitted to redeem the lands from any lawful liens thereon, and be restored to the possession of the premises, and the defendants be compelled to account for rents and profits. The sheriff's deed to Dugan, being not void, but only voidable, the real cause of action is to set aside that deed..

The appellants' brief contains the point: "The action was brought in time, under Code Civ. Proc. § 382, subd. 5." Section 382 fixes the limitation of six years, and subdivision 5 reads as follows:

"An action to procure a judgment, other than for a sum of money, on the ground of fraud, in a case which, on the thirty-first day of December, 1846, was cognizable by the court of chancery. The cause of action, in such a case, is not deemed to have accrued, until the discovery, by the plaintiff, or the person under whom he claims, of the facts constituting the fraud."

The respondents contend that the action is not one arising under that subdivision, nor an action described in the section, and therefore that it comes under the 10-years limitation prescribed in section 388. Smith v. Hamilton, 43 App. Div. 17, 59 N. Y. Supp. 521, was an action brought by a creditor of one Smith to set aside a sale and conveyance under the following circumstances: Smith made a voluntary assignment to Hamilton, in trust for his creditors. Among the assigned property was a flouring mill, on which there was a mortgage of $15,000. This mortgage was foreclosed, and at the sale Hamilton, on May 24, 1887, purchased the property, and on May 26th received his deed from the sheriff. It was held that the statute of limitations began to run on the 24th of May, 1887, and that the action was commenced one day too late. The court said (pages 18, 19, 43 App. Div.; page 522, 59 N. Y. Supp.):

"It may be assumed that Hamilton, in purchasing this property, was acting in antagonism to his trusteeship. This did not render the sale void. The title was vested in him absolutely, subject to repudiation by the parties interested in the estate intrusted to him. They alone could assail it. Read v. Knell, 143 N. Y. 484 [39 N. E. 4]. It was not incumbent upon them to show actual fraud to impeach the validity of the deed to the defendant. Their cause of action is based upon the act of the defendant in making the purchase in contravention of his fiduciary relation. Yeoman v. Townshend, 74 Hun, 625 [26 N. Y. Supp. 606]. The Code does not in specific terms provide how long these parties may have in which to avail themselves of their right to impugn the sale. The ten-years limitation therefore applies. Code Civ. Proc. § 388; Matter of Rogers, 153 N. Y. 316 [47 N. E. 589]; Gilmore v. Ham, 142 N. Y. 1 [36 N. E. 826, 40 Am. St. Rep. 554]. * * * The title vested in the purchaser was that of the mortgagor and mortgagee combined, and wiped out that of the assignee. Packer v. The Rochester & Syracuse R. R. Co., 17 N. Y. 283; Thomas, Mort. § 1013; Rector, etc., v. Mack, 93 N. Y. 488 [45 Am. Rep. 260]. That ended his relationship with that property as trustee of an express trust. His title was subject to attack by the cestuis que trustent. If they did not interfere, his ownership was unassailable. At best he was only a trustee ex maleficio. Constructive fraud alone was imputable to him. His sinning is due to his position. Where a trust arises by implication, or where the fraud charged is not active, but constructive, merely, the statute is operative from the time the wrong was committed. Lammer v. Stoddard, 103 N. Y. 672 [9 N. E. 328]; Yeoman v. Townshend, supra; Price v. Mulford, 107 N. Y. 303 [14 N. E. 298]. * * * But the inception of the cause of action is not dependent upon knowledge in plaintiffs,

where no actual fraud has been committed. That date is an arbitrary one prescribed by the Code."

So, also, in Yeoman v. Townshend, 74 Hun, 625, 627, 26 N. Y. Supp. 606, it was said:

"It may be regarded as settled that, where an attorney who has conduct of a sale becomes a purchaser, his client may avoid the sale and claim the benefit of the purchase. Fulton v. Whitney, 66 N. Y. 548. And to entitle the client to such relief he is not required to allege or prove any fraud, because such a purchase is one which equity forbids, and to avoid which all that is necessary to be shown is the relation between the parties and the purchase. This appearing, it is at the option of the principal to repudiate or affirm the contract of sale, irrespective of any proof of actual fraud. Where, therefore, no actual fraud has been proven, and the relief, if granted, is to be upon the theory of constructive fraud, the question is, what lapse of time will bar the action? The sale was in 1867. The plaintiffs' ancestor did not die until 1871, and from the date of the sale until his death in the latter year he took no action to repudiate the sale. This action was commenced in 1892. The unauthorized purchase by an attorney of property intrusted to him to sell is sometimes termed a constructive fraud, and the attorney is termed a trustee ex maleficio. A distinction must be drawn with respect to the statute of limitations between an actual, express, subsisting trust, or a case of actual fraud, and the case of an implied trust, of a trustee ex maleficio, or a constructive fraud. In the two former the statute does not begin to run against the beneficiary or cestui que trust until the trustee has openly, to the knowledge of the beneficiary, renounced, repudiated, or disclaimed the trust, while in the latter cases the statute begins to run from the time the wrong was committed by one chargeable as trustee by implication. This distinction is recognized by our Code of Civil Procedure."

Even if actual fraud had been perpetrated by Philip Dugan, his innocent grantees for a valuable consideration cannot be charged with his fraud unless knowledge is brought home to them. Harrington v. Erie County Savings Bank, 101 N. Y. 257, 4 N. E. 346—where the doctrine was announced and acted upon.

I am of opinion that the 10-year statute of limitations is applicable to this condition of affairs. The conveyance to Philip was dated in January, and recorded on February 5, 1864. The 10 years expired on February 5, 1874, except as affected by the infancy of the two children, Loretto, who became of age in June, 1870, and Ida, who became of age in November, 1881. This action was commenced about 16 years later than the latter date, viz., April 1, 1897; consequently the statute has run against both plaintiffs.

The judgment should be affirmed, with costs. All concur.