PHILIP CHORRMANN and Others, Appellants, v. ANNA BACHMANN and Others, Respondents, Impleaded with Others.

Second Department, April 19, 1907.

**Fraud — constructive fraud of testamentary trustee procuring conveyance to himself — Statute of Limitations.**

When a testamentary trustee conveys lands to a third person and on the same day accepts a reconveyance to himself individually, it is a constructive fraud. The transaction is not void, but merely voidable, at the election of the beneficiaries under the will.

When in an action to set aside such transfer as fraudulent, the proof is insufficient to show that the value paid was less than the true value, and hence there was no actual fraud, the Statute of Limitations is that prescribed in section 388 of the Code of Civil Procedure, and the action is barred by the expiration of ten years.

APPEAL by the plaintiffs, Philip Chorrmann and others, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of Richmond on the 23d day of January, 1906, upon the decision of the court, rendered after a trial at the Queens County Special Term, dismissing the complaint upon the merits.

This action was brought to set aside and have declared fraudulent certain transfers of real property and to impress a trust upon the real property.

*Henry H. Sawyer* and *Frederick W. Clifford*, for the appellants.

*Henry E. Frankenberg*, for the respondents Mouquin and others.

Judgment affirmed, with costs, on the opinion of Mr. Justice GARRETSON at Special Term.

WOODWARD, JENKS, GAYNOR and RICH, JJ., concurred.

The following is the opinion of Mr. Justice GARRETSON:

GARRETSON, J.:

That the conveyance of the premises in question on December 2nd 1885, by Joseph Lewis, as trustee under the will of Philip Chorrmann, deceased, to Frederick Bachmann, and the reconveyance by

Bachmann to Lewis individually on the same day, was a constructive fraud, and that the transaction was not void, but merely voidable at the election of the plaintiffs, who were beneficiaries under the will, is virtually admitted by all parties, and is in harmony with well-settled principles. (*Read* v. *Knell*, 143 N. Y. 484.)

It is claimed by the plaintiffs that notwithstanding the lapse of time which would ordinarily bar the maintenance of the action upon that theory, the facts are that the transaction consists of more than a constructive fraud, and that the premises were acquired by Lewis at a price substantially less than their value, thus making his act one of actual fraud, and that knowledge of the facts constituting the fraud did not come to the plaintiffs until about three months prior to the commencement of the action.

If this contention of the plaintiffs is sustained, the lapse of time has not barred the action, but if, on the other hand, the evidence admits only of the finding of constructive fraud, the operation of the Statute of Limitations must result in a dismissal of the complaint. (*Yeoman* v. *Townshend*, 74 Hun, 625; *Smith* v. *Hamilton*, 43 App. Div. 17.)

When actual fraud is alleged it will not be presumed and the burden of proof is upon the parties alleging it. (Ibid.)

The plaintiffs have sought to show as proof of actual fraud that, at the time of the sale by Lewis as trustee to himself, the premises had a market value substantially in excess of $6,000, the consideration expressed in the deeds, and for which sum Lewis has accounted and paid over to the plaintiffs.

Careful consideration has been given to the evidence bearing upon this question, and I have concluded that the plaintiffs not only have not maintained this burden, but that the greater weight of credible testimony warrants the finding that the sum named was, at the time the fair value of the premises.

Hence, actual fraud has not been shown or found, the ten-year limitation provided for in section 388 of the Code is applicable, and not the limitation prescribed by subdivision 5 of section 382.

It follows that the plaintiffs' complaint should be dismissed, with costs.

Let the proposed findings and judgment be settled before me on notice of two days.