## McKEAN v. HILL et al.

(Supreme Court, Appellate Division, Second Department. February 11, 1915.)

1. PARTITION (§ 103*)—SALE OF PROPERTY—PURCHASE BY GUARDIAN AD LITEM.

Under Code Civ. Proc. § 1679, providing that the guardian of any infant party to an action shall not himself directly or indirectly purchase or be interested in the purchase of any property sold, and declaring such purchase to be void, a purchase by a guardian ad litem for infant defendants in a partition action, who assigned his bid to a third person, recited in the deed as the purchaser by assignment from such guardian, was void.

[Ed. Note.—For other cases, see Partition, Cent. Dig. § 339; Dec. Dig. § 103.*]

2. SPECIFIC PERFORMANCE (§ 95*)—CONTRACTS ENFORCEABLE—TITLE OF VENDOR.

Where defendant's title, purchased at a sale in partition, was void because he was then the guardian ad litem for infant defendants in that action, though the referee's report of sale and the deed recited that the grantee was the assignee of the purchaser, and defendant and his co-defendants, the grantee and the attorney for plaintiff in the partition suit, afterwards entered into an agreement reciting that the other defendants had each advanced to the grantee one-third of the purchase money, in consideration of which he released to each of them a one-third interest in the land, and where, on motion of plaintiff's attorney in the partition suit, of which no notice was given to certain parties thereto, the report of sale was confirmed nunc pro tunc, omitting any mention of defendant as purchaser, defendants were not entitled to enforce specific performance against a purchaser, since their title was subject to litigation.

[Ed. Note.—For other cases, see Specific Performance, Cent. Dig. §§ 257–277; Dec. Dig. § 95.*]

Appeal from Special Term, Westchester County.

Action by John F. McKean against William Hill and others. From a judgment dismissing his complaint and decreeing his specific per-

formance of the contract in suit, plaintiff appeals.   Reversed and judgment directed for plaintiff.

See, also, 163 App. Div. 915, 147 N. Y. Supp. 1124.

Argued before JENKS, P. J., and BURR, THOMAS, CARR, and RICH, JJ.

·Herbert Reeves, of New York City, for appellant.

Leverett F. Crumb, of Peekskill, for respondents.

CARR, J.  The plaintiff entered into a contract with the defendants for the purchase of a tract of land in Westchester county.  He caused the title to the land to be investigated by a title insurance company, and on its report he rejected the title as unmarketable.  This action was brought for specific performance if the title should be found marketable, and, if not, then for a recovery of the earnest money paid upon the contract and the expenses of the search.  Judgment went for the defendants, decreeing specific performance on the part of the plaintiff.  From that judgment the plaintiff has appealed.

[1] Whatever· title the defendants have was acquired under a judgment of the County Court in Westchester County in the partition action of Smith v. Lent, entered in 1905.  The defendant Robert McCord, a lawyer, was the guardian ad litem for two infant defendants in that action.  A sale was had by a referee, and his report, filed in the County Court of Westchester, recites that the property was struck down to Robert McCord as purchaser, and that the latter assigned his bid to William Hill.  An order was entered confirming the report of sale, and a deed was delivered by the referee to Hill;  both order and deed containing the same recitals, that Hill was the purchaser by virtue of the assignment of· the bid of McCord.

Section 1679 of the Code of Civil Procedure provides as follows:

"A commissioner, or other officer making a sale, as prescribed in this title, or a guardian of an infant party to the action, shall not, nor shall any person for his benefit, directly or indirectly, purchase, or be interested in the purchase of, any of the property sold; except that a guardian may, where he is lawfully authorized so to do, purchase for the benefit or in behalf of his ward.   The violation of this section is a misdemeanor; and a purchase, made contrary to this section, is void."

No precedent is cited to this court construing this section of the Code as it now stands.   However, this section is but an enlargement of a section of the Revised Statutes (2 R. S. [1st Ed.] p. 326, § 58), which provided:

"Nor shall any guardian of any infant party in such suit, purchase, or be interested in the purchase of, any lands being the subject of such suit, except for the benefit or in behalf of such infant; and all sales contrary to the provisions of this section shall be void."

There is no proof in this record that, if McCord was the purchaser of or interested in the purchase of the, lands, he had lawful authority to purchase for the infants or did in fact so purchase for the infants. The defendants concede this much.  The legal question arises whether, if McCord was the purchaser, or interested in the purchase, it was wholly void, or simply voidable on the part of the infant defendants

alone. If it be the latter, then as the infant defendants, after coming of age, have quitclaimed their rights to the defendants, the fatal defect has been cured. If the purchase was "void," as the statute declares, then there was no sale, and the title of all nonreleasing parties to the action remains undivested.

Exactly similar language in the Revised Statutes in relation to cognate subjects has been construed heretofore, and with direction to the precise question here now involved. It was held in Forbes v. Halsey, 26 N. Y. 53, that a similar provision of the statute as to sales of a decedent's land by the administrators, which declared that a purchase by the administrator at the sale "shall be void," meant, not that it should be voidable at election, but that it shall be as much a nullity· as if it had never happened. The opinion of the court considers the common-law and equitable rules as they existed prior to the statute, and declares that the very purpose of the statute was to substitute, for reasons of public policy, an entirely new and exclusive rule wherever the statute applied. A similar decision was made in Terwilliger v. Brown, 44 N. Y. 237. The question was again discussed and a similar ruling made in O'Donoghue v. Boies, 159 N. Y. 87, 53 N. E. 537. It was recognized in Dugan v. Denyse, 13 App. Div. 214, 43 N. Y. Supp. 308, and in O'Brien v. General Synod, etc., 10 App. Div. 605, 42 N. Y. Supp. 356, though in both these last-cited cases the statute was held not to apply to their particular facts.

[2] About a year or more after the defendant Hill took title under the attempted purchase above referred to, a tripartite instrument in writing was entered into between the defendants Hill, McCord, and Crumb, which was executed and acknowledged by all three, and which in express terms recites that McCord and Crumb had each advanced to Hill one-third of the moneys necessary to enable Hill to buy these lands at the partition sale, and in consideration of which Hill released and quitclaimed to each of the others an undivided one-third interest in said lands. As before stated, McCord was the guardian ad litem in the Smith v. Lent action, and Crumb was the plaintiff's attorney.

To meet this situation, the defendants introduced on this trial documentary evidence to show that in 1913 there was entered in the County Court of Westchester County, on motion made by Crumb as the plaintiff's attorney in the Smith v. Lent action, an order in that action permitting the referee to file a substituted report of sale nunc·pro tunc as of 1905, in which all mention of McCord was omitted, and confirming said substituted report nunc pro tunc, and directing distribution of the proceeds of sale. There were several parties to the action, to whom no notice of this motion was given, as they had not appeared in that action. The motion papers contained no reference to the tripartite written agreement, but accounted for the inclusion of McCord's name in the original papers as a mistake, of which they could not explain the happening. It appeared that all these original papers had been prepared in Crumb's office before signature by the referee.

On the trial of this action, the defendants gave evidence to explain the tripartite agreement. Each of them testified that no advances were made or received from McCord and Crumb to enable Hill to

make the purchase, and none of them could explain how the recital got into the instrument, although it seems to have been prepared in Crumb's office. All of them say that they did not notice the recital and so signed the instrument. All of this may be true, but yet several persons who are entitled to contest the validity of the referee's deed were not parties to this action and are in no way bound by this judgment. The plaintiff should not be obliged to take this title, because with it goes the likelihood of a lawsuit, which he may not be able to defend successfully. There is a doubtful question of fact and of law involved in the question of the validity of this title, and the defendants were not entitled to a judgment of specific performance, and judgment should have been given for the plaintiff.

This judgment should be reversed, and judgment is directed for the plaintiff, with costs. Settle order on notice before Mr. Justice CARR, containing proper reversals of findings made at Special Term, and appropriate findings to be made by this court, on which judgment as directed for plaintiff shall rest.

JENKS, P. J., and THOMAS and RICH, JJ., concur. BURR, J., not voting.