(96 Misc. Rep. 481)

OTIER v. NEIMAN et al.

(Supreme Court, Special Term, Monroe County. August 5, 1916.)

*(Syllabus by the Court.)*

1. TRUSTS ⬥198—ADMINISTRATION OF ESTATE—INDIVIDUAL INTEREST OF TRUSTEE.

The conveyance by a trustee to a corporation organized by him to carry on the business of manufacturing and selling wine, in which he holds a majority of the stock, is voidable, and may be set aside by cestui que trust.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. §§ 258–265; Dec. Dig. ⬥198.]

2. LIMITATION OF ACTIONS ⬥39(7), 72(4)—LIMITATIONS APPLICABLE—COMPUTATION OF PERIOD.

The statute of limitations, under section 388 of the Code of Civil Procedure, upon a cause of action in equity to set aside such a conveyance

⬥For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

for constructive fraud, is 10 years, and begins to run from the date of the conveyance; and under section 396 of the Code an infant has one year after attaining majority, after the expiration of the 10-year period, in which to maintain an action to set the conveyance aside.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 190, 395; Dec. Dig. ☞39(7), 72(4).]

3. LIMITATION OF ACTIONS ☞72(4), 100(1)—LIMITATIONS APPLICABLE—COMPUTATION OF PERIOD.

The statute of limitations under said sections begins to run upon a cause of action for actual fraud 6 years after the discovery of the fraud, and in the case of an infant one year after he attains his majority, after the expiration of the 6-year period.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 395, 480, 493; Dec. Dig. ☞72(4), 100(1).]

Action by Florence Fetzner Otier against Abraham Neiman and others to establish an interest in real property. Dismissed.

Andrew R. Sutherland, of Rochester, for plaintiff.

Nelson E. Spencer, of Rochester, for defendant Neiman.

Havens & Havens, of Rochester (Asher P. Whipple, of Rochester, of counsel), for defendant Rochester Trust & Safe Deposit Co.

RODENBECK, J.　The statute of limitations has run against plaintiff's claim, and therefore it will be unnecessary for the court to pass upon the question of the validity of the transfer of the Lake Ontario Wine Company to the Neimans, and the validity of the mortgage of the Rochester Trust & Safe Deposit Company, so far as they affect the interest which the plaintiff had in the property under the conveyance from Charles Hutte to Joseph P. Fetzner.

I find nothing in the circumstances connected with the transfers from Fetzner to the Wine Company to charge him with actual fraud, and it may be mentioned that there is nothing in the evidence to charge the Neimans or the Rochester Trust & Safe Deposit Company with any bad faith or fraud in connection with their respective transactions.

If any legal reflection is to be cast upon the transactions between Fetzner and the Wine Company, it relates to his authority under the deed to convey the interest of his children to the company. This is not a case in which the investment made by Fetzner should be judged by or limited to the investment required by a court of equity, in the absence of any directions in the deed. In this instance there was a direction contained in the deed as to the investment of the interest of the children, and the question is whether or not its language authorized Fetzner to invest the property of his children in the Wine Company, particularly in view of the fact that he held a majority of the stock of the company.

[1] The language of the deed is that he was "authorized and directed, where in his discretion he deems it wise and expedient to do so, to sell and dispose of the property in fee which under this deed is granted to Minnie, Arthur, and Florence Fetzner, and to take in exchange money or other property of at least equal value, the intention being to authorize the said trustee to change the form of the property

hereby granted to his said children to such form and at such time as he shall deem wise." To a layman this language would seem to authorize Fetzner to dispose of the property of the children entirely as he wished, so long as he took in exchange money or other property of at least equal value. It may be that when the deed was drawn the parties had in mind the organization of the Wine Company and the very transactions which took place with reference to it. While the language may be sufficient to authorize him to invest the interest of his children in a private corporation there can be no doubt, but that it did not authorize him to invest it in a corporation in which he held a majority of the stock because such an investment would place the property substantially under his control and would amount substantially to a transfer to himself. King v. Talbot, 40 N. Y. 76; Matter of Hall, 164 N. Y. 196, 58 N. E. 11; Matter of Myers, 131 N. Y. 409, 30 N. E. 135; Warren v. Union Bank of Rochester, 157 N. Y. 259, 51 N. E. 1036, 43 L. R. A. 256, 68 Am. St. Rep. 777; Munson v. S. G. & C. R. R. Co., 103 N. Y. 58, 8 N. E. 355; Dodge v. Stevens, 94 N. Y. 215; Graves v. Waterman, 63 N. Y. 657.

[2, 3] Fetzner unquestionably believed that he had a legal right to exchange the property of his children for stock in the Wine Company, and therefore his act in so doing, if it was contrary to the terms of the deed, was a constructive fraud only. This fraud dated from the deed given November 9, 1903, if it did not date from the earlier deed of November 30, 1901, which it was intended to correct. The statute allows 10 years in which an adult may commence an action of the character of this one on the ground of constructive fraud. Code, § 388. The 10-year limitation in this instance expired November 9, 1913, but at that time plaintiff was an infant, and did not become of age until January 31, 1914. She had one year after attaining her majority in which to sue. Code, § 396. This gave her until January 31, 1915; but this suit was not commenced until April 11, 1916, so that it appears that she was 1 year 2 months and 10 days too late in commencing her action, and that the elapsed time between the date of the deed and the date of the commencement of her action was 12 years 5 months and 2 days. Cahill v. Seitz, 93 App. Div. 105, 86 N. Y. Supp. 1009; Smith v. Hamilton, 43 App. Div. 17, 59 N. Y. Supp. 521; Ford v. Clendenin, 215 N. Y. 10, 109 N. E. 124; Chorrman v. Bachmann, 119 App. Div. 146, 104 N. Y. Supp. 151; Yeoman v. Townshend, 74 Hun, 625, 26 N. Y. Supp. 606. While the statute applicable in this case is the 10-year statute, and begins to run from the date of the deed the evidence shows that the plaintiff had knowledge of actual fraud, if any such was committed, more than 6 years prior to attaining her majority. Her brother-in-law, Kipp, explained the transaction to her about 1908, and in 1909 she executed a quitclaim deed of her interest in the property which she now repudiates. The burden is upon the plaintiff to show when she acquired knowledge of any alleged actual fraud and that the statute has not run against her claim. Mason v. Henry, 152 N. Y. 529, 46 N. E. 837; Church v. Stevens, 56 Misc. Rep. 572, 107 N. Y. Supp. 310; Baldwin v. Martin, 14 Abb. Prac. (N. S.) 9. The burden she did not sustain, but the evidence rather

indicates that she had knowledge of any alleged actual fraud 6 years before she commenced her action.

Under any view of the facts it seems to me that the statute of limitations has run against her claim, and that the claim should be dismissed.