STEPHEN W. DYCKMAN, Appellant, *v.* CLIFFORD V. DYCKMAN, Respondent, Impleaded with SADIE HISE and Others, Defendants.

Second Department, June 26, 1930.

*Walter H. Pickett,* for the appellant.

*Charles E. Doyle,* for the respondent.

CARSWELL, J. The complaint, we will assume, adequately alleges that defendant Clifford V. Dyckman procured his father (who is also the father of plaintiff) to execute a deed to him of certain real property in 1904, at a time when the father was mentally incompetent to make a valid deed. This action, nevertheless, is barred under either of two theories.

(1) As to the first theory: Such a cause of action, if it arose, vested in the deceased grantor and not in the plaintiff. Assuming the deceased was mentally incompetent from the time of the grant down to the time of his decease in 1909, the running of the statute

against the deceased was arrested during that period of disability. (Civ. Prac. Act, § 43.) That section, however, provides that the time within which such an action may be begun may not be extended for more than ten years after the disability ceases, or the death of the person disabled. That statute, therefore, began to run in 1909, when the father died. On this theory, this action, if begun by a proper plaintiff, would be barred in 1919. Even if applicable, section 20 of the Civil Practice Act would not extend the time for more than an additional year. That section concerns the death of a person before the expiration of the time within which such a person might begin an action, and authorizes, if the cause of action survives, the beginning of an action by his representative, even after the expiration of the time otherwise prescribed, provided it be brought within one year after the death of the person who died while entitled to maintain the action. This action was not commenced until, or at least not before, January 2, 1926, and the cause of action, if one were stated by a proper plaintiff, was barred prior to that date.

(2) As to the second theory: The statute which would ordinarily be deemed to apply to the situation herein is section 53 of the Civil Practice Act, which is a ten-year Statute of Limitations. (*Chorrmann* v. *Bachmann*, 119 App. Div. 146; *German Savings Bank* v. *Wagner*, 164 id. 234; affd., 220 N. Y. 608.) The time when that statute begins to run is when the fraud, if any, is discovered, but that rule is subject to the limitation that if the facts with reference to the fraud were susceptible of earlier discovery in the exercise of reasonable diligence, the time begins to run from that earlier date (*Higgins* v. *Crouse*, 147 N. Y. 411; *Piper* v. *Hoard*, 107 id. 67; 2 Carmody N. Y. Prac. [2d ed.] § 460.) The deed here attacked was executed prior to 1909, being apparently executed and recorded in 1904; the grantor died in 1909, and the plaintiff, as a son of the grantor, in the exercise of ordinary diligence, should have made inquiry as to the facts with reference to his father's property at least during the year following his father's death. If inquiry had then been made, the existence of the deed recorded in 1904 would have become known and the opportunity to determine whether or not the grantor was competent and to ascertain his incompetency would have then been available. It may reasonably be said that if a cause of action vested in plaintiff individually, it would be subject to the beginning of the running of the statute against such cause of action in 1910. Such a cause of action was barred ten years later. (Civ. Prac. Act, § 53.) And even section 20 of the Civil Practice Act, if applicable, would only extend the time one year more. Under the

second theory, this cause of action was barred in 1920, and certainly in 1921, and this action was not begun until 1926.

The order dismissing the amended complaint should be affirmed, with ten dollars costs and disbursements.

LAZANSKY, P. J., RICH, YOUNG and HAGARTY, JJ., concur.

Order dismissing amended complaint affirmed, with ten dollars costs and disbursements.