LeRoy C. Pitcher and Another, Respondents, *v.* John M. Sutton, Appellant.

Fourth Department, May 10, 1933.

John M. Sutton [*Adolph J. Rodenbeck* of counsel], for the appellant.

*Charles B. Bechtold* [*Seymour Bernstein* of counsel], for the respondents.

Edgcomb, J. We have reached the conclusion that the Statute of Limitations furnishes a complete defense to this action. That being so, it is unnecessary to discuss the merits of the case, or to

determine whether plaintiffs could recover, if the cause of action were not barred by the statute.

The action is brought in equity to set aside a deficiency judgment entered against the plaintiffs in the sum of $1,561.68. The plaintiffs were the mortgagees in the mortgage which was foreclosed, but they were held liable for the principal indebtedness because when they assigned the bond and mortgage to the defendant they jointly and severally guaranteed the payment thereof.

Plaintiffs claim that they were unaware of the presence of this provision in the assignment; that they did not read the document; that they supposed they were simply assigning the bond and mortgage to the defendant; that the defendant, who was acting as their attorney at the time, and upon whom they relied, failed and neglected to advise them of the presence of this provision in the instrument, or of its effect; that the defendant held a second mortgage on the same property, which the plaintiffs had assigned to him as security for other indebtedness which they owed him, and in which mortgage they had an equity, if the property sold for more than the amount of their indebtedness, and that they had repeatedly requested defendant to foreclose that mortgage, but that he delayed action, and let the matter run, and as a result the interest accumulated and the property depreciated in value; that when defendant finally commenced to foreclose the first mortgage they took the summons and complaint which had been served on them to him, but that he failed to inform them of their liability or of his adverse interest, or to instruct them to employ other counsel. The plaintiffs call to their aid the well-established rule that the relation of attorney and client is one of especial trust and confidence, and that an attorney who attempts to sustain a favorable transaction which he has had with his client is charged with the duty of showing not only that he has taken no advantage of his client and has used no undue influence, but that he has withheld no advice or information which it would have been his duty to give had he himself not been interested, and that the transaction was as beneficial to the client as it would have been if the client had been dealing with a stranger. Plaintiffs say that the defendant has not sustained this burden, and that a fraud has been perpetrated upon them, which requires the setting aside of the judgment.

In order to invalidate this provision of the assignment, the plaintiffs were not bound to show actual fraud on the part of the defendant; it was not necessary to prove that the defendant deliberately and intentionally deceived the plaintiffs with the design of inducing them to assume this liability without their knowledge, or against their will. If the defendant was guilty of constructive

fraud, if there was a breach of any legal or equitable duty which he owed the plaintiffs, the transaction was unlawful and invalid, even if there was no actual dishonesty of purpose. (*Costello* v. *Costello*, 209 N. Y. 252, 258, 259.)

The trial court has found that the defendant failed to advise the plaintiffs of the effect of the clause which guaranteed the payment of the mortgage, and of the effect of the foreclosure action, and of his (defendant's) adverse interest. There is no finding of any actual fraud on the part of the defendant. We doubt if there is any evidence which would warrant a finding of a deliberate design on the part of the defendant to deceive these plaintiffs. Actual fraud is never presumed; it must be proven. As an intent to deceive is an essential element of actual fraud, and as the presence or absence of such intent is the distinguishing feature between actual and constructive fraud, I think that we must treat this action as one based upon constructive fraud.

Subdivision 5 of section 48 of the Civil Practice Act provides that an action to procure a judgment on the ground of fraud must be commenced within six years after the cause of action accrued, but such a cause of action is not deemed to have accrued until the discovery by the plaintiff of the facts which constituted the fraud.

The fraud which is referred to in this section is actual fraud, and not constructive fraud. An action based on constructive fraud falls within the provisions of section 53 of the Civil Practice Act, and may be commenced within ten years after the cause of action accrues. (*Chorrmann* v. *Bachmann*, 119 App. Div. 146; *Yeoman* v. *Townshend*, 74 Hun, 625; *Smith* v. *Hamilton*, 43 App. Div. 17; *McKenzie* v. *Wappler Electric Co., Inc.*, 215 id. 336.)

Section 53 of the Civil Practice Act, limiting the time within which an action may be commenced to ten years, applies to all equitable actions. (*Gilmore* v. *Ham*, 142 N. Y. 1, 6; *Treadwell* v. *Clark*, 190 id. 51, 59.)

It is apparent, therefore, that this action is governed by section 53, rather than by section 48, of the Civil Practice Act. That was the position taken by the defendant when he drew his answer, for he alleged as a separate defense that the action was barred by the Statute of Limitations because it was not co menced within ten years after the cause of action accrued.

In an action based on constructive fraud, the ten-year limitation commences to run from the date when the act or omission constituting it occurs, and not from the time when the facts constituting the fraud were discovered. (*Spallholz* v. *Sheldon*, 216 N. Y. 205; *Lammer* v. *Stoddard*, 103 id. 672; *Smith* v. *Hamilton*, 43 App. Div. 17; *Yeoman* v. *Townshend*, 74 Hun, 625.)

This action was commenced on the 5th day of September, 1931. The guaranty upon which plaintiffs have been held, and which it is sought to invalidate, was signed by the plaintiffs on September 28, 1912. Any constructive fraud on the part of the defendant in relation thereto took place on or prior to that date. That was nearly nineteen years before this action was commenced. The failure of the defendant to call the attention of the plaintiffs to the fact that in the complaint in the foreclosure action a demand had been made for judgment against the plaintiffs for any deficiency, or to instruct the plaintiffs to seek other attorneys to look after their interest, was something which occurred when the foreclosure action was commenced back in 1919. In fact all of the acts, whether of omission or commission, of which plaintiffs complain, and which are relied upon to uphold a recovery here, occurred more than ten years before the commencement of this action. It would appear, therefore, that the action is barred by the Statute of Limitations.

We might add that, if the six-year statute applied, the evidence shows that plaintiffs had knowledge of the facts constituting the fraud more than six years before the commencement of the action.

We think that the plaintiffs have waited too long to commence this action, and that the Statute of Limitations bars their recovery. That being so, the judgment appealed from must be reversed, and the complaint dismissed.

All concur.

Judgment reversed on the law, with costs, and complaint dismissed, with costs. Certain findings of fact and conclusions of law disapproved and reversed and new findings and conclusions made.