BROOKLYN BUREAU OF CHARITIES, BROOKLYN CHILDREN'S AID SOCIETY, BROOKLYN FREE KINDERGARTEN SOCIETY, BROOKLYN HOME FOR CHILDREN, THE BROOKLYN ASSOCIATION FOR IMPROVING THE CONDITION OF THE POOR, CHARITY ORGANIZATION SOCIETY OF THE CITY OF NEW YORK, THE CHILDREN'S AID SOCIETY, LENOX HILL HOSPITAL, ST. JOHN'S GUILD, THE MOUNT SINAI HOSPITAL OF THE CITY OF NEW YORK, WYCKOFF HEIGHTS HOSPITAL SOCIETY OF BROOKLYN, N. Y., GERMAN EVANGELICAL CHURCH and MARIEN-HEIM OF BROOKLYN, Respondents, v. MANUFACTURERS TRUST COMPANY, Appellant, and EDWARD A. CARTER, as Sole Surviving Trustee, etc., and Others, Defendants.— In an action brought by remaindermen of a testamentary trust against the surviving trustee and a bank in which the deceased trustee maintained an individual account, to recover trust funds alleged to have been misappropriated, the appellant bank moved to dismiss the complaint. Order denying motion of appellant bank affirmed, with ten dollars costs and disbursements, with leave to appellant to answer within ten days from the entry of the order hereon. The Statute of Limitations is available to the appellant as a defense, and commenced to run in appellant's favor from the date of the alleged wrongful acts. This is true because (1) the liability, if any, of the appellant is merely that of a constructive trustee (*Lammer* v. *Stoddard*, 103 N. Y. 672; *Price* v. *Mulford*, 107 id. 303; *Gilmore* v. *Ham*, 142 id. 1; *Pitcher* v. *Sutton*, 238 App. Div. 291; affd., 264 N. Y. 638); and (2) the plaintiffs' cause of action is derivative and plaintiffs are bound by the Statute of Limitations in the same manner as the true owner of the cause of action, the cotrustee Carter. (*Potter* v. *Walker*, 276 N. Y. 15.) Since the complaint alleges that Carter had full knowledge of the wrongful acts when they occurred, the statute commenced to run against him, and, consequently, against the plaintiffs, immediately. In spite of these conclusions we affirm the order because, due to the form of the complaint, it is impossible to tell whether the Statute of Limitations is a complete or only a partial defense. The defense, therefore, must be raised by answer rather than by motion. The judgments in the two former actions are not a bar to the present action. The former actions were brought to recover the proceeds of two checks. Although the present complaint makes specific mention of one of such checks, the action is not brought to recover its proceeds. The purpose of the action is to recover all moneys misappropriated through the medium of the individual account of the deceased trustee after the appellant bank became chargeable with knowledge of his wrongdoing through the payment of his personal indebtedness with trust funds. (*Bischoff* v. *Yorkville Bank*, 218 N. Y. 106.) According to the complaint, such payment was not made until nearly one month after the receipt of the check by the deceased trustee. Lazansky, P. J., Johnston, Adel, Taylor and Close, JJ., concur.

COMMISSIONER OF PUBLIC WELFARE on the Petition of Complainant FRANCES REILLY, Respondent, v. WILLIAM REILLY, Appellant.— On appeal from an order of the Domestic Relations Court of the City of New York (Family Court), County of Queens, directing appellant to pay the sum of six dollars weekly, order unanimously affirmed, without costs. No opinion. Present — Lazansky, P. J., Hagarty, Carswell, Adel and Close, JJ.