JACOB GOLDBERG, as Executor and Trustee under the Last Will and Testament of SOPHIE WERNER, Deceased, Appellant, v. MONROE LOVINGER, Respondent. JACOB GOLDBERG, as Executor and Trustee under the Last Will and Testament of SOPHIE WERNER, Deceased, Appellant, v. MONROE LOVINGER, Respondent, and Others, Defendants. GRETE HOFFMAN and Others, Appellants, v. MONROE LOVINGER, Respondent, and Others, Defendants.— Appeal by plaintiff from an order in so far as it denies his motion to examine defendant Lovinger before trial and denies the production of books, papers, documents, vouchers and other writings for the purpose of refreshing recollection, etc. Order reversed on the law and the facts, with ten dollars costs and disbursements, and motion granted, without costs, to the following extent, using items as numbered in the notice of motion: Items 3, 5, 10, 12, 13, 14, 15, 16, 17, 18, 22, 23, 24, 26, 28, 29, 31, 32, 33, 34, 35, 37, 38, 39, 40, 41, 42 and 44. Items 6, 7 and 8, as modified by inserting the year " 1935 " in place of the year " 1929 " in each of said items. Item 9, as modified by inserting " during and after 1935 " in place of " before 1933." Items 1, 2, 11, 19, 20, 21, 25, 30, 36 and 43, as modified at Special Term. The defendant is directed to produce upon the examination, pursuant to section 296, Civil Practice Act, all books, papers, documents, vouchers, etc.; the examination to proceed upon five days' notice. Lazansky, P. J., Hagarty, Carswell, Johnston and Taylor, JJ., concur.

MOLLIE GOLDSTEIN, an Infant, by Her Guardian ad Litem, SOLOMON GOLDSTEIN, Appellant, v. ABRAHAM SCHACHNE, Respondent, and Others, Defendants.— In an action to set aside a conveyance of real property on the ground of fraud, order modified by striking out the second and third ordering paragraphs and by inserting in place thereof a provision denying the motion to dismiss the second cause of action set forth in the amended complaint. As thus modified, the order, in so far as appealed from, is affirmed, with ten dollars costs and disbursements to appellant. Drawing the most favorable inference from the complaint, the cause of action pleaded is that by fraud the defendants procured the signature of Leije Gitel Schachne to a deed at a time when she was unaware of its nature and that never thereafter during her lifetime did she discover the perpetration of the fraud. The gravamen of the complaint is actual fraud as distinguished from legal or constructive fraud, and section 48, subdivision 5, of the Civil Practice Act is applicable. (Pitcher v. Sutton, 238 App. Div. 291; affd., 264 N. Y. 638; Carr v. Thompson, 87 id. 160, 163, 164; Smith v. Hamilton, 43 App. Div. 17; Chorrmann v. Bachmann, 119 id. 146; Glover v. National Bank of Commerce, 156 id. 247; Keys v. Leopold, 241 N. Y. 189, 192, 193.) The sole basis of the motion addressed to the second cause of action is that the cause of action was barred by the Statute of Limitations. Lazansky, P. J., Hagarty, Carswell, Johnston and Taylor, JJ., concur.