In our opinion, however, the first examination of the witness pursuant to the stipulation was inadequate. The matters upon which the examination was to be had were not specified in the stipulation; none of the books, records, minutes or reports was produced upon the examination; and the deposition appears to have been taken primarily in support of plaintiff’s own case. Defendant is entitled to a full examination, with the production of all the specified books, records and documents, in order to aid him in establishing his affirmative defense of the Statute of Limitations. (Higgins v. Crouse, 147 N. Y. 411, 415-416; Sielcken-Schwarz v. American *689 Factors, Ltd., 265 N. Y. 239, 243-244; Dyckman v. Dyckman, 230 App. Div. 288, 289; Ectore Realty Co. v. Manufacturers Trust Co., 250 App. Div. 314, 318.) Defendant, through no fault of his, has not had such an examination. Nolan, P. J., Carswell, Adel, Sneed and Wenzel, JJ., concur.